1838.

Pardee
v.
De Cala.

**PARDEE vs. DE CALA and others.**

Documentary evidence, set out or distinctly referred to in the pleadings, and which is of itself evidence without further proof, such as exemplifications of records, deeds duly acknowledged, &c. may be read at the hearing, without notice to the adverse party, or any order previously obtained for that purpose, although not made an exhibit before the examiner.

Where a creditor's bill states the return and filing of the execution to have been on a day subsequent to the commencement of the suit, the bill will be dismissed at the hearing, although the objection is not taken in the answers of the defendants.

March 6.

THIS was an appeal from a decree of the vice chancellor of the first circuit. The bill was filed against De Cala as a judgment debtor of the complainant; and Murray, another of the defendants, was charged with having taken a fraudulent assignment of the property of De Cala. Richards, the other defendant, had received a mortgage on the property without consideration. The defendants in their answers, among other things, denied all knowledge of the issuing or return of the execution as set forth in the bill, and left the complainant to make such proof thereof as he should be advised. The defendant Richards also denied all knowledge of the recovery of the judgment against De Cala except from the allegations in the bill. Upon the hearing the complainant produced exemplified copies of the judgment and of the execution with the sheriff's return thereon. The defendants' counsel objected to the reading of these exemplifications as evidence, on the ground that they had not been made exhibits in the cause, and that the complainant had not given notice of his intention to use the same ten days before the time for closing the proofs, as required by the seventy-fifth rule. The vice chancellor sustained the objection and ordered the bill to be dismissed with costs; but without prejudice to the complainant's right to commence de novo.

*W. Silliman,* for the appellant. The fi. fa. and return offered in evidence before the vice chancellor, being a

record, could be proved by an exemplification. (2 *Starkie on Ev.* 285, 151, 2, 3.) By the English practice, as it has been well settled for about a century, a record may be given in evidence at the hearing, without any order for the purpose or notice. (2 *Fowler's Exch. Pr.* 188.) And all other writings may be proved viva voce at the hearing, on obtaining an ex parte order of course. (4 *Bro. P. C.* 658. 1 *Turner's Pr.* 127.) The English practice in regard to proving exhibits was the practice of this court up to 1817, when Chancellor Kent directed a notice to be given, instead of an order. But as to records or exemplifications, which proved themselves, no order or notice was necessary. (2 *John. Ch.* 481.) And this practice was followed up to 1830, when it was altered by the 75th rule of the court, which is applicable to all documentary evidence " not set out or distinctly referred to in the pleadings." The fi. fa. and return are distinctly referred to, and made the foundation of this suit. Their production could not operate as a surprise on the defendants ; therefore they are within the words and the reason of the rule. If the fi. fa. was inadmissible under the rule, yet as the practice had never before been so settled, and as there was no gross neglect or misconception on the part of the plaintiff, the bill should not have been dismissed for that cause, but the cause should have stood over in order to supply the defect of evidence ; and a summary proceeding should have been adopted for that purpose. (1 *Paige,* 550. 1 *Turn. Pr.* 505. 2 *Russ.* 9. 13 *Ves.* 457, 8. 1 *Newl.* 367. 1 *Ves. & Beame,* 153. 2 *Amb.* 408. *Prec. in Ch.* 496. *Reg. Gen.* 1817, 302.) Even on appeal this defect may be supplied. (9 *Price,* 343. *Hoffman's Pr.* 498, cites 1 *Cox,* 437 ; *Daniel,* 545 ; 9 *Price,* 563 ; 1 *Russ.* 301 ; 8 *Price,* 613 ; 1 *Russ.* 526 ; *Seaton's Dec.* 363 ; 1 *Jacob,* 337.) At law a case may be amended after argument. (2 *Paine & Duer,* 134. 2 *John. Rep.* 481. 3 *Id.* 140. 1 *Caines,* 74.)

*N. Dane Ellingwood,* for the defendants. The execution alleged in the bill of complaint to have been issued, is put in issue by the answer of the defendants. It could not be read on the hearing under the 75th rule of this court, and it

1838.

Pardee
v.
De Cala.

Pardee
v.
De Cala.

should have been issued to the same county where the debtor resided.

THE CHANCELLOR. If the ground for rejecting the exemplification of the fi. fa. and the sheriff's return thereon was as stated in the decree appealed from, the decision of the vice chancellor was clearly wrong. By the practice of the English court of chancery, a party who wishes to prove an exhibit at the hearing, which has not been proved in the usual way in the examiner's office, must obtain an ex parte order for that purpose, in which the exhibit is particularly described ; and this order must be served upon the adverse party at least four days before the hearing. Chancellor Kent altered the practice here, by substituting a reasonable notice of the intention to prove the exhibit at the hearing instead of the ex parte order ; reserving to the court the right, upon the hearing, to determine whether it was proper to have the exhibit thus proved. (*See* 2 *John. Ch. Rep.* 481.) But neither an order or notice was requisite in any cases except those in which the examination of a witness was necessary to prove the exhibit. Certified copies of proceedings in the same court, if made by a sworn officer thereof having the custody of the original records, and exemplifications of the records or proceedings of other courts, which were of themselves evidence without further proof, and deeds duly acknowledged or proved so as to enittle them to be read in evidence without further proof of their due execution, might be read at the hearing as a matter of course, if pertinent to the issue. The course of practice in this respect is distinctly laid down by Fowler ; and he refers to a decision of the court of exchequer, in which that court declared that there was no occasion for any party to give notice of, or to have an order to prove exhibits at the hearing, to authorize the reading of any deeds or evidence that did not require proof. (2 *Fowler's Pr.* 159, 2d ed.) The evil which existed under the practice of the court previous to 1830, and which the adoption of the 75th rule was intended to remedy, was that a party was frequently surprised at the hearing by the introduction of some documentary evidence,

1838.

Pardee
v.
De Cala.

not referred to in the pleadings in such a manner as to apprise him that it might be so used. He therefore had no opportunity to examine witnesses for the purpose of explaining such documentary evidence, or of rebutting the effect thereof, when produced for the first time at the hearing. This rule therefore required that the documentary evidence should either be made an exhibit before the examiner, or that the party against whom it was intended to be produced should have notice of such intention a reasonable time before the order to close the proofs was entered, so as to give him an opportunity to examine witnesses in relation thereto, or to introduce his countervailing proofs. (4 *Paige*, 608.) But it was supposed that neither party could be surprised by the introduction of a deed or other documentary evidence, at the hearing, which was set out in the pleadings or distinctly referred to therein as a part of the complainant's or of the defendant's case. The introduction of such documentary evidence was therefore left as it stood by the previous practice of the court, except so far as that practice was altered by the last clause of the 75th rule. Where a deed or other instrument, duly acknowledged or proved so as to entitle it by law to be read in evidence without further proof, is thus set out or referred to in the pleadings, the party may therefore produce and read the same in evidence at the hearing, in the same manner as he might have done before the adoption of this rule. And the practice is the same where the document set out or referred to in the pleadings is a judgment, execution, or other proceeding which may be proved by an exemplification thereof; or any other document as to which the law allows an exemplified or certified copy to be given in evidence instead of the original. But if the document intended to be produced is a deed requiring proof by a witness, or a certified copy of a record which requires the examination of a witness to prove it genuine, the party must either prove it in the usual way before the examiner, or must obtain an order for leave to prove it at the hearing, although it is set out or referred to in the pleadings.

In this case the judgment and the execution being distinctly referred to in the pleadings as a part of the com-

plainant's case, the production of an exemplified copy of either at the hearing could not operate as a surprise upon the defendants. And if the exemplification produced had corresponded in substance with the execution set out in the bill, it ought to have been read at the hearing to establish the fact of the issuing and return of such execution. The decision of the vice chancellor in rejecting the exemplification as evidence was right however, on another ground. The execution as exemplified is returnable on the 18th of January, 1833, and appears to have been returned and filed on the 19th of the same month. But the execution, as stated in the bill, was returnable on the 28th of January, and was returned unsatisfied by the sheriff on the 29th; both of which were after the commencement of this suit, which was on the 23d of January as appears by the teste of the subpœna. I was induced in the first place to believe this was a clerical error in the copy of the bill furnished on this appeal, and that it was not so in the original. It appears however by the endorsement of the clerk on this copy, that it is the same which was used before the vice chancellor. The abbreviation of the pleadings annexed to the complainant's case also states the allegation in the bill to be that the execution was returnable on the 28th, and that it was returned by the sheriff on the 29th of January. I conclude therefore that this error was contained in the bill as served on the adverse party; so that the objection, if it had been raised in the court below, could not have been obviated without an amendment of the bill. Such an amendment, if a matter of form merely, might be made in any stage of the suit, under the provisions of the revised statutes; but not so in a matter of substance, without giving the defendants an opportunity to put in a new answer if they thought proper to insist upon their strict rights. (2 R. S. 424, § 1, 2. Bowen v. Idley, In Chan. April 5, 1836.)

I have endeavored to get over this objection, as I think upon the merits of the case, if the bill was properly framed, the complainant would have been entitled to relief as to the fund paid over after the commencement of this suit. But I cannot make a decree in his favor, upon this bill, consis-

tently with established principles. If the decision of the court below had been right on the objection actually raised there, and this other difficulty had been suggested, which had not been alluded to in the answer of either of the defendants, the court might have done what was done in *Bowen* v. *Idley ;* that was to dismiss the bill, without costs and without prejudice, unless the defendants would consent to have the bill amended so as to permit a decision of the case upon its merits. The appeal in this case brings up the question as to the general costs in the cause so that the decree can be reversed as to those, although I am obliged to affirm it as to the dismissal of the bill. So much of the decree therefore as allows costs to the defendants De Cala and Murray in the court below must be reversed, and the residue of the decree is affirmed. The defendant Richards appears to have acted in good faith and was therefore entitled to his costs in the court below ; and it was not his fault that the situation of the cause was such that the complainant could not have a decree over against the other defendants for the costs which are thus charged upon the complainant.

Neither of the parties are to have costs as against the other upon this appeal.