1840.

A. C. Baggot, administratrix of J. Baggot, v. Eagleson.

---

A. C. BAGGOT, Admistratrix of J. BAGGOT, v. EAGLESON.

A judgment was recovered in February term, and docketted on the 1st of March, 1839.

A judgment creditor's bill, stated it as recovered " on the 1st day of " March, in the term of April, in the year 1839;" the true term was February. Held, that the error was not fatal to the bill. That the teste was, whether the allegation in which the error existed was unnecessary or essential—and that it was the former.

The bill also stated, that " on the 23d of March, the complainant " sued out an execution, directing the sheriff to make the debt of " the real estate of which the defendant was seised on 23d of " March." The execution being produced at the hearing was correct, directing the levy of real estate held on the 1st of March. As it appeared on the face of the bill, the complainant had not exhausted his remedy at law, as the judgment bound any land parted with in the interim. The objection was held good, but the cause was allowed to stand over to amend, there having been no witnesses examined; and if there had been, the variance in the record, not calling for and scarcely admitting of any proof.

The bill stated a direction in the execution to levy interest from the 1st of March, the proper time. The execution was erroneous, being to levy with interest from the 5th of February. Held, that the variance was no objection to the bill, because the time might have been omitted, stating only a direction to levy with interest; and that the misdirection in the execution would not have been sufficient to avoid it at law, and should not defeat the bill here. The amount in the *toto se attingunt* clause was $308 27, and the

1840.

A. C. Baggot,
administratrix
of
J. Baggot,
v.
Eagleson.

March 2. 3.

bill stated the judgment to be for $308 33. The six cents cost adjudged, made the difference. The execution was for the $208 27. Held, that this was not an objection to the bill.

THIS was a judgment creditor's suit.

*Mr. Moore*, for the complainant.

*Mr. Tompkins*, for the defendant.

THE ASSISTANT VICE-CHANCELLOR :—Various objections, and none of them affecting the merits, are taken to the relief sought by this bill. The defendant indeed swears that no such judgment was obtained, and no such execution issued as is set forth. This is undoubtedly technically true, and only technically. The objections arise from variances between the allegations of the bill and the record evidence produced.

*First*—The bill states, that " on the 1st day of March, " in the term of April, in the year 1839," the complainant by judgment of the superior court, recovered a judgment against the defendant, as by the record of such judgment would appear. The exemplification of the judgment recovered is as of February term, and docketted the 1st of March.

It is very true, as contended for at the bar, that the legal rendition of a judgment is of the time in which it is actually given, as in this case it appears to be the first Monday of February. But by the 11th section of the statute no judgment shall be deemed valid so as to authorize any proceedings thereon, until the record shall be signed and filed. This appears on the exemplification to have been done on the 1st of March, 1839. Hence, although it is not technically right to say of a judgment, recovered in February term, that it was recovered on the 1st of March, because then signed and filed ; yet it must be sufficient for the purpose of sustaining a bill in this court, because it is only then effectively recovered to warrant proceedings. The proper mode, I apprehend, of stating the facts is, to set

1840.

A. C. Baggot,
administratrix
of
J. Baggot,
v.
Eagleson.

forth the recovery of the judgment as of the proper term, and then allege that on such a day it was signed, filed and docketted. The error then was on the face of the bill a palpable contradiction. The 1st of March could not be of April term. Hence the defendant could not be deceived. It was either in the April term, or on the first of March, that the judgment was recovered.

I think the question may be decided by determining whether the erroneous averment was a necessary or material averment, or one entirely superfluous. And I hold that in this case the bill would have been sufficient (not well and formally drawn) had it contained one of these allegations without the other; had it merely stated that the judgment was recovered on the 1st of March, or merely alleged the recovery as of April term. It is true, that in the last case, had the judgment proven been of the 1st of March, a very different question would arise. But as the fact turns out, if we erase the words " in the term "of April," the bill is sufficient as a pleading, and consistent with the proof. It seems to me impossible that so barren a technicality should be allowed to intercept the justice of the case.

Even at law it is held, that if the whole of an averment can be struck out without destroying the plaintiff's right of action, it is not necessary to prove it ; but otherwise, if the whole cannot be struck out without getting rid of a part essential to the cause of action. ( *Williamson* v. *Allison*, 2 *East*, 452.)

*Next.* The bill states that on the 23d of March, the complainant sued out an execution, in which he directed the sheriff in default of goods, &c., to make the debt of the real estate of which the defendant was seized " on the " 23d of March, 1839." It appears by the execution itself that it properly directed the levy on the real estate which he had on the 1st of March, 1839. It is to be admitted that this objection is of weight. As it stands in the bill, the plaintiff does not appear to have exhausted his remedy at law ; for the real estate held between the 1st of March, when he gets his judgment, and the 23d, when he

sues out his execution, is not affected, and may have been sufficient. We do not find here as in the other instance, a mere superfluous allegation which when stricken out leaves the bill perfect, and the proof applicable ; but here is an allegation which if true, defeats the remedy in this court. In the case of *Pardee* v. *Delala*, (7 *Paige*, 136,) referred to by counsel, the difficulty was, that the bill stated the issuing and return of an execution as of a day subsequent to the filing of the bill. Of course there was no jurisdiction, although in fact it appeared that the execution was returned before.

But the question is whether the application made at the bar for leave to amend may not be granted.

The rule stated by Lord Hardwicke in *Goodwin* v. *Goodwin*, (3 *Atk.* 370,) has prevailed as the law of the court ever since his time. An amendment after publication passed is not allowed to introduce a new charge, or put a material fact in issue, which was not in the cause before.

But the uniform course of the court is to permit a cause to stand over for the purpose of introducing necessary parties, and the bill must make such statements as will connect them with the cause. (*Mitford*, 325.) It has been allowed to amend the prayer, and adapt it to the case. (2 *Molloy*, 402.) And where no witness has been examined in the cause, an amendment even after publication has been permitted. (*Hastings* v. *Gregory*, 1 *Fowler's Ex. Pr.* 127. *Sanderson* v. *Thwaites*, cited by Lord Redesdale, p. 326, *n. c.*) In this instance the substance of the allegation will remain unchanged by any amendment. That is, that an execution issued directing the debt to be made out of land ; though one date will be substituted for another. No possible testimony can be introduced but the execution itself. That is not to be contradicted, or only by showing it to be a forgery. No testimony has been adduced but these documents, and it appears to me there is ample authority in such a case to permit an amendment, and not drive the complainant out of court and endanger the loss of his demand.

*Third.* The next objection taken is that the execution was endorsed with a direction to levy interest from the 5th day of February, 1839. The bill states that it was endorsed to levy the amount with interest from the 1st day of March, 1839, the proper time. I hold this to be an immaterial averment capable of being separated and stricken out of the bill as surplusage, and not to be regarded. The allegation as to the execution is sufficient without it, and consistent with the proofs. And further it is impossible to suppose that the misdirection of the attorney would have avoided the execution at law.

*Lastly.* It is urged that the judgment varies from that stated in the bill as well as from the execution ; that the judgment is in truth for $308 33, whereas the bill states it for $308 27 ; and such is the execution. .

By reference to the record, it appears that the difference is in the six cents assessed for costs. The amount in the *toto se attingunt* clause is $308 27. This is directly the reverse of the case of *Gunn* v. *Cartine*, (10 *Johnson*, 396,) where the execution went for the whole amount recovered, with the one shilling costs assessed, and costs of increase, and it was held that there was no variance ; that clause not being part of the judgment—" Even," says the Chief Justice, " even if we were to admit that the exist-" ence of it would be fatal." Now to issue an execution for less than the judgment is not so important a variance as to issue it for more ; and when a bill states the recovery of a judgment in a given sum, which, when the record is produced is plainly part of the amount recovered, with the addition of the nominal sum of six cents assessed for costs, it would seem a subtlety unworthy of any court to hold it fatal. I think that the case of *Bissell* v. *Kip*, (5 *Johns. Rep.* 100,) shows that at law, it would have been amendable.

The cause may stand over with liberty to amend, by substituting the 1st day of March, 1839, for the 23d day of March, 1839, on the proper folio, and by striking out the words " in the term of April." The cause may then be again brought to a hearing. The answer was sufficient to call the attention of the complainant to the defects, though

not pointed as to them. The complainant must, therefore, pay the costs unnecessarily incurred, that is the costs of the part of the answer pertinent to the defects and of the hearing. The defendant must have liberty to amend his answer after the amendments of the bill are served, if so advised.