JACOB P. FOX, Respondent, *v.* ABRAM A. MOYER, Appellant.

Plaintiff's complaint alleged, in substance, that one M., being indebted to him upon a promissory note, made by M. and another, conveyed certain premises to defendant, without consideration, for the purpose of defrauding plaintiff, that defendant knew of the debt, and that the premises were the only means M. had for the payment thereof; that plaintiff recovered judgment upon the note against the makers, and that execution was issued thereon to the sheriff of the county wherein they resided, which was duly returned wholly unsatisfied; that M. had since died, leaving no means, etc. Plaintiff asked to have the conveyance set aside as a cloud upon the lien of his judgment. Defendant's answer alleged that M. was only surety upon the note, denied knowledge or information of the judgment and execution, and denied that M. was possessed of no other assets. Defendant's counsel, upon the trial by the court, without a jury, requested the court to find whether or not N., the other judgment debtor, was, at the time of the commencement of the suit, insolvent, or had then left the county. This the court refused upon the ground that these facts were immaterial. *Held*, no error; that as it appeared that both judgment debtors resided in the county at the time of the issuing of execution, it was not material whether N. resided there or was solvent at the time of the commencement of the action, and that the objection could not be raised that N. was not a party, it not having been taken by answer.

*It seems*, also, that N. was not a necessary party defendant, as plaintiff's claim was simply to enforce the lien of his judgment upon the real estate in question, which claim no one but defendant had any interest in resisting.

It is only where a voluntary conveyance is made in good faith with no intent to defraud the grantor's creditors, that it will be upheld by proof that when made the grantor retained an ample estate to pay his debts.

A referee appointed to take and report the evidence in a cause, has no power to pass upon objections to evidence, and where objections taken before him are not renewed, and rulings had thereon, upon the trial before the court, they are not available upon appeal.

(Argued March 12, 1873; decided June term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial district, affirming a judgment in favor of the plaintiff, entered upon the decision of the court at Special Term.

This action was brought to set aside a conveyance to defendant by Andrew Moyer, on the ground that it was fraudulent as against plaintiff, he having judgment, which, as alleged, was in equity, prior in its effect to defendant's title.

The complaint alleged that Andrew Moyer, the defendant's grantor, was indebted to the plaintiff on a promissory note made by him and another, in 1851, for $500, and interest. That the plaintiff recovered judgment against the makers in the Supreme Court, which was entered and docketed in Montgomery county, November 7th, 1863, for $564.35. That execution was issued against the judgment debtors, to the sheriff of that county, *wherein they resided,* and duly returned, wholly unsatisfied. That the defendant's grantor died intestate, July, 1865, aged eighty-eight years, having no means or property wherewith to pay this, his only debt left unpaid. That at the time the note was made, the deceased owned a certain wood lot of about seventeen acres, situated in said county, and continued to until about 1862, when he conveyed it to his son, the defendant, without consideration, for the purpose of defrauding the plaintiff, and hindering and delaying him in the collection of his debt, the lot then being worth $1,500, and the defendant then knowing of the existence of the plaintiff's debt, and that this lot was the only means that his grantor then had for the payment thereof.

The defendant, by his answer, alleged that his grantor

was only surety on the note, denied knowledge or information sufficient to form a belief of the judgment or execution, or of its return, or that his father was possessed of no assets, and left but the plaintiff's debt unpaid; admitted the conveyance, that the lot was worth $1,000, and that the defendant had been often requested to pay plaintiff's debt, but refused so to do.

A reference was ordered to take and report the evidence, and, upon the report of the referee, the cause was brought to trial at a Special Term of the Supreme Court, and the court found substantially the facts alleged in the complaint, and also found, as conclusion of law, that the lien of the plaintiff's judgment upon the real estate in question was prior in its effect to the defendant's conveyance, and ordered judgment to be entered accordingly, with costs.

Other facts appear in the opinion.

*Geo. W. Miller* for the appellant. Plaintiff's right to relief depended upon his having exhausted his legal remedies without having had his judgment satisfied. (*Child* v. *Brace*, 4 Paige, 399; *Wheeler* v. *Hearmans*, 3 Sand. Ch., 597; *Van Cleef* v. *Sickels*, 5 Paige, 505; *Hope* v. *Brinkerhoff*, 3 Edw. Ch., 445; *Storms* v. *Ruggles*, Clarke Ch., 148; *Willis* v. *Moore*, id., 152; *Dunlevy* v. *Tallmadge*, 32 N. Y., 459; *Voorhees* v. *Howard*, 4 Keyes, 371.) The judge erred in not finding that Andrew Moyer had more than enough personal property to pay the debt of plaintiff. (*Hind's Lessee* v. *Longsworth*, 11 Wheat., 199; approved 10 N. Y., 230; *Carpenter* v. *Roe*, 6 Paige, 62; *Babcock* v. *Eckler*, 24 N. Y., 628; *Dygert* v. *Reymerschnider*, 32 id., 648.)

*J. E. Dewey* for the respondent. The evidence sustains the finding of the justice at Special Term that the land was conveyed to defendant to defraud plaintiff, and without sufficient consideration; and, hence, the deed was void as against plaintiff's judgment. (*Warner* v. *Blackman*, 4 Keyes 487, § 1, 506; *Dygert* v. *Remerschnider*, 32 N. Y., 636, 649, and

cases cited.) It will be presumed he found all other essential facts that the evidence would authorize. (*Valentine* v. *Conner*, 40 N. Y., 248.) Plaintiff would have been entitled to relief against defendant, even if his claim had not been put in judgment. (*Loomis* v. *Tifft*, 16 Barb., 541.) Defendant is a trustee of the land for the creditor over and above the consideration paid, even if he had no notice of the debt or of any fraudulent intent. (*Campbell* v. *E. R. Co.*, 46 Barb., 553; *Boyd* v. *Dunlop*, J. Ch., 478; *Bigelow* v. *Ayrault*, 46 Barb., 149; *Dunn* v. *Chambers*, 4 id., 376, 381, 382; *Waterbury* v. *Sturtevant*, 18 Wend., 366.) The conveyance was void as to existing creditors. (*Holmes* v. *Clark*, 48 Barb., 237; *Morris* v. *Ward*, 36 N. Y., 587, 597.) The exceptions made at the close of the case to the findings and decisions point to no specific error, and are too general to authorize a review by this court. (*Wheeler* v. *Billings*, 38 N. Y., 263; *Newell* v. *Doty*, 33 id., 83, 93; *Graham* v. *Chrystal*, 2 Keyes, 21.) The exceptions to the refusals of the justice to find, as requested by defendant's counsel, present nothing for review here. (*Leelu* v. *Field*, 47 N. Y., 407; *Priest* v. *Prince*, 3 Keyes, 222, 224; *Brooks* v. *Van Every*, id., 27.)

Earl, C. The counsel for the defendant requested the justice who tried the cause to find whether or not Jonas Nestell, one of the judgment debtors, was, at the commencement of this suit, insolvent, also whether or not he had then left the county. The justice refused so to find, on the ground that the facts which he was requested to find were entirely immaterial, and defendant excepted to such refusal. This exception is now relied upon. As the refusal was put upon the ground that the facts were immaterial, it raises a question for our consideration upon this appeal, and if we hold the facts to be material, the judgment should be reversed.

This is not strictly a creditor's bill, within the meaning of the Revised Statutes and equity practice. (2 R. S., 174, § 38; 2 Barb. Ch. Pr., 147.) The object of such a bill is to reach choses in action and equitable assets of the judgment

debtor which cannot be reached by execution. Before such a bill could be filed, it was always necessary that an execution should be issued to the county where the judgment debtor resided, and returned unsatisfied, and in such an action all the judgment debtors were necessary parties, unless it could be shown that the one omitted was insolvent or a mere surety for the defendant.

This is an action to have a conveyance declared fraudulent and void as to plaintiff's judgment. In such an action it has sometimes been held that the lien of the judgment alone gave the plaintiff his standing in a court of equity, without any execution. But the weight of authority seems to be that the judgment, with an execution issued and not returned, is sufficient to enable the plaintiff in such case to maintain his action. (*Hendricks* v. *Robinson*, 2 John. Ch., 283; *McCullough* v. *Colby*, 5 Bosw., 477; *The N. A. Fire Ins. Co.* v. *Graham*, 5 Sandf. S. C., 197.) Judge DENIO, however, in *Shaw* v. *Dwight* (27 N. Y., 249), was of opinion that the execution should be both issued and returned unsatisfied; and whether it should or not, it is not important to decide in this case.

In this case it was alleged in the complaint that the execution was issued to the county in which the judgment debtors resided, and returned unsatisfied. This allegation was put in issue, in the answer, by the allegation of the defendant that he did not have knowledge or information thereof sufficient to form a belief. No objection was made at any stage of the trial that Nestell did not at the time reside in the county to which the execution was issued. If the defendant meant to rely upon such an objection, he should have made it by motion to nonsuit or in some other way, so that the plaintiff could have had an opportunity to remedy the defect in his proof. Besides, the note was dated at Fort Plain, in Montgomery county; the plaintiff, who loaned the money; resided in that county as well as Andrew Moyer, the surety; the interest was, for many years, paid in that county; the note was sued therein, and judgment recovered and entered

there, and execution was issued to the sheriff of that county and returned wholly unsatisfied, in January, 1865. Hence, certainly, in the absence of any objection, the court at Special Term could properly have found as a fact that Nestell did, at the time the execution was issued, reside in Montgomery county. Therefore, for both reasons, to wit, that no objection was made, and that the court may be assumed to have found the fact, it must be taken as true, upon this appeal, that both judgment debtors resided in Montgomery county at the time the execution was issued. This being so, it was wholly immaterial whether or not Nestell had left the county when this action was commenced, or whether at *that* time he was solvent or insolvent.

There was no allegation in the answer and no proof on the trial that Nestell, at the time of the commencement of this suit, *was* solvent, or that he *then* had any visible property liable to execution. It cannot now be claimed that Nestell ought to have been made a party to this suit, because the objection was neither taken by demurrer or by answer. If this were strictly a creditor's bill, the objection could not have been taken by demurrer, as the complaint alleged Nestell's insolvency, and hence a sufficient reason for not making him a party, but it could have been and should have been taken by answer. (*Child* v. *Brace*, 4 Paige, 309, 314; Code, § 148.) Besides, the objection that Nestell should have been made a party, was not raised at the trial. But I hold he was not a necessary party, whether solvent or insolvent, at the time of the commencement of this suit. The plaintiff had issued execution against both judgment debtors to the sheriff of the county where they resided, and had it returned unsatisfied. He then claimed that his judgment was a lien upon certain real estate which one of the judgment debtors had fraudulently conveyed to the defendant, and he commenced this action to have the cloud resting upon the lien of his judgment removed, and to have his judgment satisfied out of this land, notwithstanding the conveyance. The conveyance was good, as between the parties thereto, and hence no one had

any interest to defend this suit but the defendant, and he was therefore the only proper party defendant. There is, therefore, no aspect of the case in which the exception of the defendant, above referred to, can be held to have been well taken.

The justice at Special Term found, substantially, that the deed of the land was given to the defendant by his father, to defraud the plaintiff out of his debt. There was some evidence tending to sustain this finding, and hence, even if the grantor retained at the time sufficient other property to pay this debt, it would make no difference, as the creditor would still have the right to assail the fraudulent conveyance.

It is only when one makes a voluntary conveyance in good faith, with no intent to defraud his creditors, that it will be upheld by proof showing that when he made it he retained an ample estate to pay all his debts. But here the proof was not entirely clear that the grantor, Andrew Moyer, retained enough tangible property, out of which this debt could have been collected. He conveyed all his remaining real estate to the defendant, who did not put his deed on record, and what little personal property he had soon disappeared and he died insolvent.

There were many objections made to evidence as it was taken before the referee appointed to take and report the evidence  But he had no power to pass upon the objections, and they do not seem to have been renewed at Special Term, and there was no ruling there upon any of these objections; hence they cannot be available here.

I have thus considered all the points which I deem of any importance, presented on behalf of the appellant on the argument before us, and I reach the conclusion that the judgment should be affirmed, with costs.

All concur.

Reynolds, C., not sitting.

Judgment affirmed.