## HAWLEY v. SACKETT.

*Fraudulent conveyance — what is, as to subsequent creditors:*

L. intending to go into business, but not being in debt at the time, made a voluntary conveyance of his property to another with the intent of securing it from the contingencies of his proposed business. The conveyance was not put on record or publicly known, and L. kept possession of the property. *Held,* that the conveyance was fraudulent and void as to subsequent creditors of L.

APPEAL by defendants from a judgment in favor of plaintiffs entered upon a decision of the court at special term.

The action was brought by Merwin S. Hawley against Artemus E. Sackett, administrator, etc., of John F. Lockwood, deceased, and others, to set aside a conveyance of real estate, made by said Lockwood during his life-time, as fraudulent. In 1864, Lockwood conveyed the real estate in question to defendant Sackett, in trust for his, Lockwood's, wife and heirs. At that time Lockwood intended to go into a speculative business, and did go into such business, and failed in 1867. The deed was without consideration. At the time it was made Lockwood was worth over $30,000, besides the property conveyed, which was worth about $13,000. The deed was not put on record until after his death. The debt due plaintiff was incurred after the execution of such conveyance.

The court found, as a matter of fact, that Lockwood intended to release the property from any liability in case he should be unfortunate in business.

*Sackett & Smith, A. Anthony* and *C. Wheaton,* for appellants.

*Marshall & Clinton,* for respondents.

Present — TAPPEN and DONOHUE, JJ.

DONOHUE, J. In this case the bill is filed for the purpose of setting aside a conveyance made when the defendant, being out of business, but contemplating going into business, sought to so place the property proceeded against beyond the reach of any creditor to

Hawley v. Sackett.

whom he might afterward become indebted. The complaint charges the character of the attempt to be to cover the property.

The cause was tried before Mr. Justice BARNARD without a jury. It was admitted that the defendant Lockwood became insolvent after this conveyance, and that plaintiff held a judgment against him. It is perfectly clear, from all the evidence, that the nature and even fact of the conveyance made by Lockwood was kept from record and concealed, and the land treated as Lockwood's. Lockwood continued to pay his own money, taken out of the business, on the place.

It seems to be perfectly clear, from the evidence, that the intent in making this conveyance was exactly what the complaint states, to keep the conveyance from any subsequent creditor, should he want it, reserving to himself the certainty, that during life he might have the use of it. All this remained secret from the creditors — the deed not being recorded until after the insolvency and death of Lockwood, and the trustee was the father of the wife of Lockwood. Even the acknowledgment for any purpose seems doubtful; from the statement of the trustee it appears to me at least doubtful if it ever was properly acknowledged; the deed has no subscribing witness; Lockwood, the witness says, asked him to get it acknowledged, which the witness says he did ; he does not pretend that either Lockwood or his wife were present, and from the statement it would seem as though the acknowledgment was put on without the presence of the parties.

None of these findings substantially are disputed: 1. That intending to go into business he made the conveyance to secure against future contingencies; 2. That the trust was not publicly known; 3. That there was no money consideration between the parties to the trust deed; 4. That at the time of the trust deed Lockwood intended to retain the property to his use, in case he should be unfortunate in business. On all these, as questions of fact, there is no doubt; the evidence not only sustains the findings, but would not sustain any other. The same remark, as matter of fact, applies to the refusals to find, and the only point before us seems to be whether, on the facts, the property can be reached; the sixth and seventh exceptions going to that point.

On the whole facts in the case the conclusion, it seems to me, cannot be avoided. that the intent of the party in making the conveyance was, in fact, to retain the property in case of failure, and

under the Revised Statutes, part II, tit. 3, chap. 7 (2 R. S. 134) (that being a question of fact, was properly found), the case comes directly within the principle of *Case* v. *Phelps*, 39 N. Y. 164; *Carpenter* v. *Roe*, 10 id. 227. The fact that the debt was subsequent does not affect the case. *Fox* v. *Moyer*, 54 N. Y. 125. And the deed in Mrs. Lockwood's name, being part of the same intent merged in the trust deed, must go with it.

The judgment should be affirmed, with costs.

*Judgment affirmed.*