MARY J. ADSIT, Appellant, *v.* ANNIE H. BUTLER, Executrix, etc., Respondent.

In an action by a judgment creditor to set aside, on the ground of fraud, a conveyance of real estate by the debtor, the complaint must allege the issuing of an execution upon the judgment. The return of an execution unsatisfied is essential to give the court jurisdiction, or the action must be brought in aid of an execution then outstanding.

Allegations that the debtor is dead, and from the time of the rendition of the judgment until his death was wholly insolvent, are not sufficient.

(Argued January 19, 1882 ; decided January 31, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order

made at the November Term, 1880, which affirmed a judgment in favor of defendant, entered upon an order sustaining a demurrer to plaintiff's complaint. (Reported below, 23 Hun, 45.)

The complaint alleged in substance the recovery of two judgments in 1875, against one Rosekrans, which were owned by plaintiff; that prior to the recovery of the judgments, said Rosekrans being the owner of certain real estate described, conveyed the same to one Blackmore, who, by the procurement of Rosekrans, conveyed the same to defendant's testator, the original defendant; that said conveyances were without consideration, and in pursuance of a scheme to which said testator was a party, to hinder, delay and defraud the creditors of Rosekrans; that Rosekrans died in 1877, and at the time of the entry of said judgment, and thereafter until his death, was wholly insolvent, having no property, real or personal, out of which said judgment, or any part thereof, could be collected. Defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action.

*U. G. Paris* for appellant. The statute requiring the issuing of an execution before the commencement of an action to compel discovery has no application to this action. (*McElwain* v. *Willis*, 9 Wend. 548, 561; *Chautauqua Co. Bk.* v. *White*, 6 N. Y. 236; *McCartney* v. *Bostwick*, 32 id. 53; *Shaw* v. *Dwight*, 27 id. 244; *Stewart* v. *Beale*, 7 Hun, 405; *Everingham* v. *Vanderbilt*, 12 id. 75.)

*H. M. Ruggles* for respondent. In an action by a judgment creditor to set aside conveyances of real estate by the debtor, upon the ground that such conveyances were made to defraud creditors, the plaintiff must allege in the complaint and prove upon the trial, that an execution has issued upon the judgment. (*North Am. F. Ins. Co.* v. *Graham*, 5 Sandf. 198, 204; *McCullough* v. *Colby*, 5 Bosw. 477; *Crippen* v. *Hudson*, 13 N. Y. 161; *Fox* v. *Moyer*, 54 id. 129; *Geery* v. *Geery*, 63 id. 252; *Shaw* v. *Dwight*, 27 id. 249.) The insolvency and death of the judgment debtor do not excuse a failure to comply with,

this general rule. (*Allen* v. *Thurston*, 53 N. Y. 622 ; *Estes* v. *Wilcox*, 67 id. 264.) A creditor may take out letters of administration, and the surrogate of the county could, under the law of 1850, and the Supreme Court can now, under the Code of Civil Procedure, authorize an execution against the property, real and personal, of a deceased judgment debtor. (2 R. S. 74, § 27; Laws of 1850, chap. 205; 4 Edm. Stat. 634; *Marine Bk.* v. *Van Brunt*, 49 N. Y. 163 ; *Allyn* v. *Thurston*, 5 Hun, 105 ; Code of Civil Procedure, §§ 1380, 1381.) Insolvency and want of assets in a suit of this character are immaterial; an execution must issue to create a specific lien. (*Jones* v. *Green*, 1 Wall. [U. S.] 332 ; *Geery* v. *Geery*, 63 N. Y. 256.)

MILLER, J. The right of the plaintiff to maintain this action depends upon the question whether a judgment creditor is entitled to equitable relief against the real property of a judgment debtor, which has been fraudulently conveyed, before an execution has been issued upon the judgment and an effort made to collect the same out of the property of such debtor. As a general rule a court of equity does not interfere to enforce the payment of debts until the creditor has exhausted all the remedies known to the law to obtain satisfaction on the judgment. It is essential, in order to give the court jurisdiction, and to reach equitable assets, that an execution should be issued upon the judgment and be returned unsatisfied, or, if an action be brought to aid an execution, that it must remain outstanding. When this is done the commencement of an action will give to the plaintiff a specific lien. (*Beck* v. *Burdett*, 1 Paige, 305.) The rule that the legal remedy must be exhausted by the judgment debtor before relief can be solicited to reach property not subject to the lien of the judgment is an old one. It existed in England and was followed by the Court of Chancery in this State, before the provision made by the Revised Statutes (2 R. S. 174, § 38), which requires that an execution shall be issued and returned unsatisfied in whole or in part, before a bill shall be filed to compel a discovery of property and to prevent a transfer of the same. (*Dunlevy* v. *Tallmadge*,

32 N.Y. 460, and authorities there cited.) Undoubtedly this is the settled and true rule, and the Code has worked no change which authorized the interpretation that the statute has been altered or repealed as is claimed by the appellant's counsel. The plaintiff, however, insists that a distinction exists between ordinary cases of a judgment debtor seeking relief by a creditor's bill, so called, and one where relief is sought, as in this case, from a fraudulent conveyance, and that a case for equitable interposition is presented which does not come within the statute cited; and inasmuch as it is conceded by the demurrer that the judgment debtor was insolvent, having no property out of which the judgment could be collected, the law does not require a resort to unavailing remedies and useless formalities. In the *Chautauqua Co. Bank* v. *White* (6 N. Y. 236), it was held that the statute cited only applied to a creditor's bill, so called, where the only relief claimed is that the remedy of the creditor is exhausted at law, and that the general powers of the court, as to fraudulent conveyances, remained untouched. (See, also, *McCourtney* v. *Bostwick*, 32 N. Y. 53, 62.) Conceding that the remedy sought to be enforced in the plaintiff's complaint is one which the statute does not include, we are, notwithstanding, of the opinion that, in accordance with the uniform practice in the Court of Chancery and the decisions in this State, in an action of this character, the plaintiff must establish that an execution has been issued upon the judgment and returned unsatisfied, or, as already stated, is outstanding. The authorities are numerous which sustain this position, and this principle is distinctly upheld, as is manifest by a reference to the reported cases. The later decisions especially are very explicit upon the subject. In the *Ocean National Bank* v. *Olcott* (46 N. Y. 12), which was an action in the nature of a creditor's bill to obtain a lien upon land paid for by the judgment debtor and conveyed to his wife, the rule is laid down by CHURCH, Ch. J., that all available legal remedies must be resorted to as a preliminary requisite to an action for the application of the trust property. This case involved a question as to the validity of a discharge in bankruptcy, but

the subject now presented is fully discussed and had a bearing upon the question considered, and it cannot, therefore, be fairly claimed that what was said had no application. In *Geery* v. *Geery* (63 N. Y. 252), the action was brought to set aside certain conveyances of real estate alleged to have been made by the defendant, through other persons, to his wife, in fraud of the plaintiff and of his creditors. There was no proof of a judgment and an execution, and a motion was made to dismiss on the ground that the remedy at law had not been exhausted. It was held that there was no distinction between judgments for the payment of money in legal and equitable actions, and that in either case a suit in equity to enforce the judgment cannot be maintained until the statutory remedy, by execution, is exhausted. This case is directly in point.

In *Estes* v. *Wilcox* (67 N. Y. 264), it was held that a creditor cannot maintain an action to enforce a resulting trust, under the statute of uses and trusts, in lands purchased and paid for by the debtor and deeded to another, although the debtor was dead and died insolvent; and that these facts did not dispense with the general rule that a debt must be ascertained by judgment and legal remedies exhausted before the creditor can proceed in equity, to collect it out of the assets liable in equity for its payment. It was said in the case last cited, that the same question was decided adversely to the plaintiff in *Allyn* v. *Thurston* (53 N. Y. 622). In the last case Thurston had paid for the real estate and the deed was in the name of his wife. The complaint did not aver the issuing of execution. It appears that the action was brought to reach property held in trust, and it is not manifest that such a case stands in any different position from an action to set aside a fraudulent transfer of property. The case is not reported in full in this court, and it is stated that it was decided upon the authority of the *Ocean National Bank* v. *Olcott* (*supra*). It is, however, directly applicable and sustains the general doctrine that all available remedies must be pursued before a resort to a court of equity. The views expressed are also supported by other authorities. (See *Fox* v. *Moyer*, 54 N. Y. 125, 129; *Shaw* v.

*Dwight,* 27 id. 249; *Crippen* v. *Hudson,* 13 id. 161, 166; *North American Fire Ins. Co.* v. *Graham,* 5 Sandf. 198, 200, 204; *McCullough* v. *Colby,* 5 Bosw. 477; *Jones* v. *Green,* 1 Wall. 332.) Whatever criticism may be indulged in reference to the cases cited we think they settle the law upon the question considered adversely to the plaintiff's claim.

The counsel for the appellant quotes from the opinion of the chancellor in *Brinkerhoff* v. *Brown* (4 Johns. Ch. 674), and of Judge DENIO in *Shaw* v. *Dwight* (27 N. Y. 244), to sustain the position that when the creditor seeks aid as to real estate, he need only show a judgment creating a lien; but we do not think that it was intended to hold, in either of these cases, that an execution could be dispensed with, nor do the remarks referred to sustain the position contended for, as no such question was presented in the cases cited.

We have not been unmindful of other positions urged on the elaborate points of the learned counsel of the appellant, and after full consideration of the questions presented and the various suggestions made we are brought to the conclusion that the General Term were right and the judgment should be affirmed.

All concur.

Judgment affirmed.