ROYER WHEEL COMPANY, RESPONDENT, *v.* ROBERT W. FIELDING AND JAMES E. FIELDING, APPELLANTS, IMPLEADED, ETC.

*Judgment creditor — an action to set aside a fraudulent conveyance, and to have the property adjudged to be subject to the lien of his judgment and the execution issued thereon and then in the sheriff's hands, is not affected by the return, during its pendency, of the execution — when devisees of the judgment debtor need not be made parties — a voluntary conveyance by an insolvent is void — an assignment must be assented to by the assignee — 1877, chap. 466, sec. 2 — When a firm creditor may set aside an assignment of the individual property of the partner—misjoinder of causes of action.*

The plaintiff, having recovered a judgment against a firm composed of Robert and George Fielding, issued an execution thereon, and, while the same was in the hands of the sheriff, brought this action to set aside as fraudulent a general assignment for the benefit of creditors and deeds of certain lands which had been made and delivered by one of the debtors after the debt owing to the plaintiff had been incurred, but before the judgment therefor had been recovered. The plaintiff sought to have the assignment and deeds adjudged to be fraudulent and void, and the property affected by them subjected to the lien of his judgment and of the execution issued thereon. After the commencement of the action the sheriff returned the execution wholly unsatisfied.

*Held,* that the return of the execution by the sheriff during the pendency of the action did not prevent the plaintiff from maintaining and prosecuting it.

After the recovery of the plaintiff's judgment, and before the commencement of this action, George Fielding, one of the judgment debtors, died leaving a will by which he devised and bequeathed all his real and personal property to his widow and two sons.

*Held,* that as the property to be affected by this action had prior to the testator's death been conveyed by him it could not be held to be included within these provisions of the will, and that it was therefore unnecessary to make the widow or children parties to the action.

Voluntary conveyances, based upon a merely nominal consideration, made by an insolvent debtor are, as against his creditors, fraudulent and void as a matter of law.

The judgment debtors, who were partners, joined in a general assignment of their joint property for the benefit of their joint creditors. Subsequently one of the said debtors assigned all his individual property to the same assignee for the benefit of his creditors, according to the provisions of the joint assignment.

*Held,* that the second conveyance was, in effect, a distinct and separate assignment, and that the assent of the assignee, subscribed and acknowledged as provided in section 2 of chapter 466 of 1877, was essential to its validity.

That the fact that the property to be affected by the judgment was the individual

and separate property of the debtor, and was, for that reason, primarily liable for the payment of his individual debts, did not prevent the plaintiff from maintaining the action as no claim was made by any individual creditors, and as the plaintiff's judgment became when docketed a lien upon the real estate individually owned by the debtors.

That there was no misjoinder of causes of action in the complaint.

APPEAL from a judgment in favor of the plaintiff, recovered on a trial at the Special Term.

*Joseph A. Shoudy*, for the appellants.

*Wilson M. Powell*, for the respondent.

DANIELS, J.

The action was prosecuted by the plaintiff as a judgment creditor of Robert and George Fielding, upon whose judgment an execution against property had been issued, and was at the time of the commencement of this suit in the hands of the sheriff of the proper county. The object of the action was to avoid as fraudulent a general assignment made by the judgment debtors for the benefit of their creditors, and deeds of certain lands executed and delivered by George Fielding to James E. Fielding, and another deed executed and delivered by Robert Fielding to Robert E. Fielding. These instruments were all made and delivered after the debt owing to the plaintiff had been contracted and incurred, and before the recovery of the judgment for the collection of which this action has been brought. And its object appears to have been to obtain the judgment of this court adjudging the assignment and deeds to be fraudulent and void, and the property affected by them to be subject to the lien of the judgment and execution in favor of the plaintiff. It depended therefore wholly upon the inherent equitable power of this court to afford relief to a party whose legal remedy proved to be inadequate, and it was not dependent upon the authority of the statute providing for the institution of a creditor's action after the return of an execution against property unsatisfied. (3 R. S. [6th ed.], 190, § 55 ; Code, § 1871.)

Upon the trial of the action it was made to appear that the sheriff returned the execution in his hands wholly unsatisfied after the commencement of this suit, and it has been insisted that this circumstance deprived the plaintiff of the right to maintain the

action in the form in which it was commenced and prosecuted. That it was essential that an execution should be issued upon the judgment before the commencement of this action, as a creditor's suit, seems to be now well settled by authority, and it has in several instances been deemed necessary that the execution should also continue in the hands of the officer during the progress of the action, to entitle the plaintiff successfully to maintain it. This was in general terms stated by Mr. Justice NELSON in *McElwain* v. *Willis* (9 Wend., 549, 561). It was there said that " the jurisdiction of the court rests upon the right or title of the complainant to the property in question acquired by the proceeding at law upon the judgment or execution, and consequently the return of the latter by the officer is not only not essential but would be fatal to the relief." And this statement was repeated without any consideration of its legal propriety, solely upon the weight of this authority, in *Mechanics', etc., Bank* v. *Dakin* (51 N. Y., 519, 522). But in neither of these cases was this particular point before the court for its decision, but it was a passing observation not required to be made. And that it did not receive the approbation of the Court of Errors in the first case, may be assumed, from the fact that the other opinion which was delivered by Senator TRACY in favor of affirmance, proceeded on this subject upon the conclusion that it was only essential that the execution should continue to remain in the hands of the sheriff during the pendency of the action, to enable the creditor to maintain it as to the personal property in controversy. For without the existence of the execution the creditor would have no lien upon that description of property and would be in no condition to question the disposition of it by the debtor alleged to be fraudulent. Upon this subject it was said by him, that " it is now necessary to inquire whether the complainant shows enough in his bill to bring his case within the other class of relief, which is given in aid of a judgment or execution, at law, which has acquired a lien on specific property of the debtor, but which lien cannot be made operative to the satisfaction of the debt, in consequence of some fraudulent or inequitable obstruction or embarrassment which is interposed. In cases of this description, the aid of chancery is not sought, strictly speaking, for a new process, or to enlarge the functions of the legal process, but to remove some extraneous impedi-

ment by which its functions are crippled or deranged. For this latter relief a party rightfully applies to the Court of Chancery, but in his application, he must show that the relief, if granted, will be effectual; that is, that it will enable him to pursue and obtain the satisfaction of his debt, by means of the *legal* rights and remedies to which he is already entitled. Of course it is not necessary in this case to show, by the return of an execution unsatisfied, that he has exhausted his remedy at law, for that execution may be the very instrument by which, when the court has removed the impediment to its operation, he will obtain the perfect satisfaction of his rights ; and a judgment creditor may file a bill in respect to his lien on freehold estates without proceeding to execution, but not if his lien be on leasehold and other personal property, for that exists only from the time the execution is lodged in the sheriff's hands." (*McElwain* v. *Willis, supra,* 567.)

Neither of these cases, therefore, can be regarded as settling the proposition against the plaintiff that the execution must remain in the sheriff's hands after the commencement of its suit as a creditor to enable it to set aside fraudulent dispositions made of the debtor's real estate. Nor does the case of *Adsit* v. *Butler* (87 N. Y., 585) support this objection, for it was not then before the court for consideration, and was only passingly referred to in the opinion which was delivered. And the same observation is as applicable to the *Genesee River National Bank* v. *Mead* (13 Weekly Digest, 356, and 18 Hun, 303). In neither of these cases was this point presented by the facts before the court, and the observations, therefore, which were casually made upon it, are not entitled to be accepted as controlling.

In the recent case of *Buswell* v. *Lincks* (8 Daly, 518), an execution in the sheriff's hands was not deemed indispensably necessary to the right of the creditor to maintain his action as to real estate which had in form been conveyed away by the debtor; and in *Shaw* v. *Dwight* (27 N. Y., 244), it was considered by Denio, Ch. J., that the execution itself should be returned to enable the creditor to maintain such an action as the present. His conclusion was that " even where it is sought to subject land by removing an obstruction to the plaintiff's execution    *    *    *    a *fieri facias* should be returned unsatisfied, for the purpose of showing that the

plaintiff is under the necessity of asking the aid of the court on account of his inability to collect his debt by process against the debtor's goods or chattels; but not for the purpose of perfecting his lien upon the land, for that is bound as strongly as it can be by the docketing of the judgment." (Id., 249.) And it was upon his opinion that the judgment from which the appeal had then been taken, was affirmed by the court. In *Fox* v. *Moyer* (54 N. Y., 125) the action was of the same description, and it was said by the court that it had "sometimes been held that the lien of the judgment alone gave the plaintiff his standing in a court of equity without any execution. But the weight of authority seems to be that the judgment, with an execution issued, and not returned, is sufficient to enable the plaintiff in such case to maintain his action." (Id., 129.) In that case it was alleged in the complaint that an execution had been issued and returned unsatisfied, and no objection to the absence of proof of these facts was made upon the trial, and for that reason they were assumed in the disposition of the case. And by that disposition it was necessarily held that the return of the execution in no manner deprived the plaintiff of the right to maintain his action, and that, by a necessary construction, seems to be a decisive authority sustaining the case of the present plaintiff. In *Geery* v. *Geery* (63 N. Y., 252), it was held that if the creditor "seeks real or personal estate which would be liable to execution, but for fraudulent obstructions placed in the way by the debtor, he must have issued his execution and then he may invoke the aid of the equity court to remove the obstruction; and the remedy in equity is given in such cases because legal remedies are inadequate." (Id., 256.) And to satisfy this rule, all that can be required in any event, as essential, is that the execution shall be issued at the time of the commencement of the action. The right of the plaintiff to prosecute such an action is to be determined by the facts appearing to exist at the time of its commencement, and it would be sacrificing substance to mere form if it should be held that the return of the execution during the pendency of the suit would deprive the creditor of the right to continue its prosecution as to the debtor's real estate, when a further execution could be immediately issued to render the judgment effectual in case it resulted in setting aside the alleged illegal dispositions of such

property.  In *Pardee* v. *De Cala* (7 Paige, 132), which was a creditor's suit under the statute, the execution was returned after the action had been commenced, and it was held that it could not be maintained because of that circumstance.  It was not expressly made to appear for what reason this conclusion was adopted, but very manifestly it was under the general principle of law that the plaintiff can be entitled to maintain his action only upon the facts as they exist at the time when it may be commenced.  And this principle would seem to be sufficiently broad to sustain the conclusion arrived at by the court upon this part of the case.  It cannot with any plausibility of reasoning be defeated by this circumstance more effectively showing, as it did, the necessity for the plaintiff's action to enable it to obtain satisfaction of its judgment out of the real estate owned and conveyed away by its debtors.

George Fielding departed this life before the commencement of this action, and after the recovery of the plaintiff's judgment.  By his will he devised and bequeathed all his real and personal property to his widow and two sons, and it was objected that they should have been made parties to this action.  But as the property to be affected by it had been previously conveyed by the debtor, it could not have been intended to include it within these provisions of the will.  The devisees therefore had no interest in it which could be injuriously affected by this action, and they were not required to be made parties.  (*Voorhees* v. *Howard*, 4 Keyes, 371; *Fox* v. *Moyer*, 54 N. Y., 125, 130, 131.)  This objection, also, was therefore properly overruled by the court.

The two conveyances made by George Fielding and wife to James E. Fielding, were held to be fraudulent and inoperative against the plaintiff as a creditor, for the reason that it appeared that they were given upon the nominal consideration of one dollar each.  The conclusion adopted as to the character of these conveyances was not, however, solely placed upon this circumstance, as it could not be under the provision made upon the subject by the statute.  (3 R. S. [6th ed.], 145, § 4.)  For the evidence went farther and established the fact that the debtors were insolvent at the time when these conveyances were made, and that circumstances, added to the fact that the deeds were executed upon a mere nominal consideration, was sufficient to induce the conclusion that they were fraudulently made.

In *Edgell* v. *Hart* (5 Seld., 213), it was said by DENIO, Ch. J., that "a deed of gift by a person indebted would, I presume, be void as against creditors as a matter of law, as well since as before the statute." (Id., 218.) And the same circumstances were in like manner held to be controlling in *Erickson* v. *Quinn* (47 N. Y. 410), where it was held that "the fact that a deed is without consideration is not of itself sufficient to make it fraudulent as to creditors. (2 R. S., 137.) But if the grantor is insolvent at that time, the want of consideration is a controlling fact on the question of fraud." (Id., 413.) And the presumption that such is its character cannot be overthrown by evidence of good intent or generous feelings. "It must be overcome by circumstances showing, on their face, that there could have been no bad intent, such as that the gift was a reasonable provision, and that the debtor still retained sufficient means to pay his debts. He can no more delay his creditors by such voluntary conveyance than he can actually defraud them." (*Cole* v. *Tyler*, 65 N. Y., 73, 78; *Champlin* v. *Seeber*, 56 How., 46; *Fox* v. *Moyer*, *supra*, 131.)

The decision of the court holding these conveyances to be fraudulent and void as to the plaintiff was, therefore, well warranted by the facts which were made to appear.

The deed by Robert Fielding to Robert W. Fielding was made upon a like consideration, and was for that reason also held to be fraudulent and void at the determination of the trial. Before this deed was executed the debtors had joined in a general assignment for the benefit of their joint creditors. This assignment was sustained as made in good faith under the evidence in the case, but it did not include any portion of the individual property of the assignors, and when the deed last mentioned was executed, it was expressed to be to the grantee as assignee for the benefit of creditors under the assignment, and the property was conveyed to him, his successors and assigns, to be held and disposed of according to the provisions of the assignment for the benefit of creditors. But as the property described in this deed had neither been included in nor affected by the assignment, which was joint only in its nature, the attempt made by the deed to subject the individual property of one of the assignors to the assignment was, so far as the deed extended, another and an independent assignment. It was substan-

tially and practically an assignment of his individual property to the assignee for the benefit of the creditors, as they were provided for by the joint general assignment. It was no less in its effect than a distinct and separate assignment, and as the assent of the assignee was not subscribed or acknowledged by him, and was in no manner made to appear in writing, as that has been required by section 2, chapter 466 of the Laws of 1877, the deed was not a legal assignment of this debtor's property, but it left it, as the court held it to be, subject to the right of the plaintiff as a creditor in this action.

It has been further claimed that the action could not be maintained, because the property mentioned in the deeds was the individual and separate property of the debtors, and primarily liable for that reason to the payment of their individual debts. But it does not appear that any persons had demands of this nature, which should first be satisfied out of this property. No creditor has appeared to make any such claim, and when the judgment was recovered, it by statute became a lien upon the real estate individually owned by the judgment debtors. And it is to enforce that legal lien against the property that this action has been prosecuted and maintained by the plaintiff. The judgment debtors cannot shield themselves from its legal consequences by invoking this equitable principle in their favor.

There was no misjoinder of causes of action in the complaint. The object was to set aside as fraudulent these different dispositions which the debtors had endeavored to make of their property. And its legal scope would appropriately include all the acts of this description by which the plaintiff's right to satisfaction of its judgment might be prevented, delayed, or for the time avoided. This point was presented and considered in *Reed* v. *Striker* (12 Abb., 47), and it was there held by the Court of Appeals that such an action could not be objected to on the ground that it included distinct and several transactions where they were within the appropriate limits of the relief usually given in creditor's suits. No ground appears upon which the judgment in this case can, to any extent, be impeached. It should therefore be affirmed, with the usual costs.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed, with costs.