## THE NATIONAL TRADESMAN'S BANK, RESPONDENT, *v.* MARGARET WETMORE, APPELLANT.

*Action by a creditor to set aside a fraudulent conveyance made by a debtor — it cannot be maintained by a general creditor — proof of the nonpayment of a claim, allowed by the legal representatives in another State, does not show that the plaintiff has exhausted his legal remedies, — although the law of that State will not permit a suit to be brought.*

Upon the trial of this action, brought by the plaintiff to set aside as fraudulent, as against his creditors, a conveyance of certain lands made by one Wetmore to the defendant, his wife, it appeared that the said Wetmore, a resident of Connecticut, in 1882, and while indebted to the plaintiff, a national bank carrying on business in that State, as an indorser of certain promissory notes discounted by the bank for Wetmore, conveyed an interest owned by him in certain real estate, situated in the State of New York, to his wife through a third person. On February 19, 1883, Wetmore made a general assignment for the benefit of creditors, which, by the laws of Connecticut, did not convey any title to or interest in lands out of that State. While suits brought against Wetmore upon the said notes were pending, he died, and the plaintiff being prevented by the laws of Connecticut from obtaining a judgment against the representative of an insolvent estate, proved its claim against the commissioners appointed under the laws of Connecticut, who allowed the same, but paid no part of it.

*Held,* that as the plaintiff was simply a creditor-at-large of Wetmore, he had no standing in court to demand the relief sought.

That the proceedings against the estate of the insolvent merely settled and determined the amount due, and did not amount to a judgment, and that, even if it were deemed a judgment, there had been no execution issued thereon.

*Quære,* as to whether a judgment recovered in another State, with execution thereon unsatisfied there, would aid the plaintiff's case.

---

\* Decided January 4, 1887.

APPEAL from a judgment in favor of the plaintiff, entered in Fulton county upon the trial of this action by the court without a jury.

In the year 1882, and prior to the twenty-eighth day of December of that year, the plaintiff, a national bank located at New Haven, Connecticut, discounted for one Abner C. Wetmore, a resident of Meriden, Connecticut, who carried on business at New Haven, eleven promissory notes, amounting in the aggregate to $5,104.69. At the time of procuring these discounts and loans, Wetmore was the owner of an undivided one-third part of about 11,230 acres of land situated in the county of Hamilton, in this State, and on the 28th day of December, 1882, he deeded these lands to one Campbell, who on the same day deeded them to the defendant, Wetmore's wife, and the deeds were recorded in the Hamilton county clerk's office January 3, 1883, and appear on the record to have been duly signed and sealed, and to be in due form to pass the title to real estate. Both these deeds were voluntary and wholly without consideration, and were made, as claimed by the plaintiff in this action, with the intent to hinder, delay and defraud the creditors of Wetmore, to the knowledge of the defendant. On or about the 19th day of February, 1883, Wetmore made a general assignment, for the benefit of creditors, to one Eli Ives, who, on the nineteenth of April, following, resigned his trust, and one Charles P. Ives was appointed trustee in his stead. By the law of Connecticut this assignment did not convey any title or interest in lands out of that State.

As the promissory notes before mentioned became due, suits were brought upon them, and upon an overdraft, by the plaintiff, in the courts of Connecticut, against Wetmore; and while the suits were pending, and before judgment had been recovered in any of them, Wetmere died intestate, and Charles P. Ives was subsequently appointed administrator of his estate. The plaintiff thereupon took proceedings to revive the suits against the administrator, who applied to the probate court and obtained an order that Wetmore's estate should be settled as an insolvent estate. Under the laws of Connecticut no judgment can be obtained against the representative of an insolvent estate, in course of settlement as such, except for debts due the United States or the State of Connecticut, or for the

expense of the last sickness, or the funeral charges of the decedent. The administrator then appeared in the actions brought by the plaintiff, and set up by plea in abatement in each of those actions, the fact that the estate of Wetmore was in course of settlement as an insolvent estate, and that the cause of action was not within either of the excepted classes, which was sustained by the court, and judgment was rendered dismissing each of the suits.

Commissioners were duly appointed to take proof of claims against the insolvent estate, and their report showed preferred claims to the amount of $296.93, and unpreferred claims to the amount of $29,257.89, including $6,177.64 allowed to the plaintiff. The total amount realized by the trustee of the assigned estate was about $575, of which about $200 remained in his hands on the 29th of January, 1885, after paying necessary expenses. At that time no part of the $296.93 preferred claims had been paid. There are no other assets of either the assigned or decedent's estates in Connecticut or elsewhere, unless something may be realized in a suit brought by the trustee to set aside certain deeds made by Wetmore on the 18th day of December, 1882, of two parcels of real estate in Connecticut.

The court found that the plaintiff had exhausted its legal remedies, and directed a judgment in its favor, declaring the amount due the plaintiff to be a lien upon the real estate conveyed to the wife, and directing that the same be sold by the sheriff.

*S. & L. M. Brown*, for the appellant.

*H. R. Durfee*, for the respondent.

BOCKES, J.:

The plaintiff was simply a creditor-at-large of Abner C. Wetmore, deceased, the late husband of the defendant, to whom, as is alleged, his lands described in the complaint were transferred without consideration and in fraud of the rights of his creditors. Should the title thereto be adjudged to have remained in the husband to the time of his death, still the plaintiff would then have had no lien thereon, either general or specific, for the satisfaction of its claim against him; nor was there then or at any time thereafter, any trust in favor of the plaintiff as respects those claims impressed thereon, legal or equitable, by virtue of any writing creating or

declaring such trust. This being so, the plaintiff has no standing in court to demand and have the relief sought herein, to wit: to have the transfer of the premises to the defendant adjudged fraudulent and void, and payment of its claims against Abner C. Wetmore, deceased, decreed to be made therefrom.

This conclusion is settled by many decisions. (*Evans* v. *Hill*, 18 Hun, 464; *Adsit* v. *Sanford*, 23 id., 45; aff'd *Adsit* v. *Butler*, 87 N. Y., 585; *Geery* v. *Geery*, 63 id., 252; *Estes* v. *Wilcox*, 67 id., 264; *Adee* v. *Bigler*, 81 id., 349.) If it be, as is insisted, that the plaintiff makes a case showing that all attempts by other proceedings to obtain satisfaction of its claims would be absolutely unavailing, still that would not change the settled rule of law declared in the above and other cases.

It is conceded, of course, that in the case of a creditor's bill there must be judgment and execution, and, under some circumstances, a return of execution unsatisfied in whole or part, in order to give the creditor standing in the court to demand and have the removal of a fraudulent transfer by the debtor of his property. This necessity grows out of a statutory requirement (2 R. S., 173, 174, § 38; Code of Civ. Pro., §§ 1871, 1872); but the same rule obtains in all cases where this relief is sought, irrespective of such statutory provision. This was so determined in *Adsit* v. *Butler* (*supra*), where the subject was discussed at length and on authority; and, indeed, this rule was recognized by the Special Term in this case, but it was found that here the plaintiff had exhausted its remedy at law, and therefore had standing in court to have the relief demanded.

In this conclusion of the learned judge, we think he was in error. The plaintiff was a general creditor, without judgment and execution. Before commencing this action it had taken no proceeding to collect its claim and demands. There had been a proceeding in the Probate Court of Connecticut, under the insolvent laws of that State, wherein commissioners in insolvency had been appointed to administer upon the estate of the debtor, Abner C. Wetmore, who was insolvent and had made an assignment for the benefit of his creditors. The plaintiff presented its claims to those commissioners in insolvency, and the latter allowed them and determined their amount; but nothing was realized thereon from that proceeding. Now, this proceeding, in its results, did not amount to a judgment

in favor of the plaintiff against Abner C. Wetmore for the amount of the claims of the former against the latter. There was no adjudication that the plaintiff recover the amount against Wetmore. It but settled, determined, the amount due the former from the latter, for the purpose of that proceeding, nothing more; and if deemed a judgment, still there was no execution thereon, even if a judgment recovered in another State with execution thereon returned unsatisfied there, would aid the plaintiff's case. The learned judge was in error, as we think, in holding that the plaintiff had exhausted its remedy at law, within the requirements of the decisions above cited. This conclusion necessitates a reversal of the judgment without considering other questions discussed before us on the argument; and as this objection to the recovery goes to the right of action as made on the complaint, judgment final should be awarded in favor of the defendant, with costs.

Judgment reversed, judgment final ordered for the defendant, with costs.

LEARNED, P. J., concurred; LANDON, J., not sitting.

Judgment reversed, and final judgment for defendant ordered, with costs.