Per Curiam.
No question can be raised here as to the improper admission of evidence, for it does not appear that, at the hearing before the special term, any objections to evidence were taken. Fox v. Moyer, 54 N. Y., 125.
Furthermore, the strict rules as to the admission of evidence applicable to trials, are not generally applied to proceedings of a summary nature ; to special motions and the like.
The statute under which this proceeding was taken is for the benefit of private individuals as well as of corporations. The review of the assessment may be had for inequality. Therefore the special term must examine the facts and ascertain for itself the value of the property in question; sons to determine whether relatively to other property any injustice has been done. Even an excessive valuation which, was equal with other property in the city or town might work injustice in respect to the state tax. And it would seem to-be the right of every owner of property to have his property assessed at not more than its real value. It is true that the-statute under which this proceeding is taken provides for a review of the action of assessors, and for a correction of their judgment on a matter of fact. And the passage of such a statute indicates that there was a conviction on the part of the legislature that many assessments were made which indicated something worse than mere bad judgment. It was intended therefore that the court should take proof and review the action of the assessors, when the assessment “is erroneous by reason of over valuation, or is unequal in that the valuation has been made at a higher proportionate valuation than other real or personal property on the same roll by the same officers.”
The question then is one of fact upon which the special term has passed, with as full opportunity as we can have.
We have, of course, the power to re-examine this question and to reverse the conclusion of the special term. But evidently there should be some strong reason to make us do this.
We have examined the testimony as to valuation and we see no ground for thinking that the special term did not come to a correct conclusion. It cannot be of any use to discuss the testimony.
The order is affirmed with costs.
Bocees and Land ox, JJ., concur.