CHARLOTTE M. BIERSCHENK, Appellant, *v.* THOMAS B. KING and MARY T. C. KING, his Wife, Respondents.

*Action to foreclose a mechanic's lien and to set aside as fraudulent a conveyance of the premises — an intermediate grantee is not a necessary party.*

The complaint in an action, whose primary object was the foreclosure of a mechanic's lien, alleged that after the plaintiff had performed work upon premises belonging to the defendant, Thomas B. King, the latter and his wife, with the fraudulent intent to embarrass, hinder and delay the plaintiff, conveyed the premises to one Bailey, and that Bailey, on the same day, reconveyed them to King's wife; that such conveyances were fraudulent and void as against the plaintiff, and constituted no bar or defense to her lien; the complaint asked that the plaintiff be adjudged to have a valid lien upon the premises, and that the same be sold, and that, if it should be adjudged that the plaintiff had no lien, she have judgment against the defendants personally.

*Held,* that as Bailey had not, and did not claim to have, any interest in the premises or in a personal judgment against either of the defendants, he was not a necessary party to the action.

The rule that the debtor's presence as a defendant is superfluous in suits brought against his fraudulent alienees to annul specific covinous conveyances, is applicable to the case of one who has been only an intermediary and has no present interest in the property.

APPEAL by the plaintiff, Charlotte M. Bierschenk, from two interlocutory judgments of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 7th day of October, 1898, upon decisions of the court, rendered after a trial at the Kings County Special Term, sustaining the demurrers interposed by the defendants to the plaintiff's complaint, on the ground of the non-joinder of a proper and necessary party defendant.

*Theodore B. Gates,* for the appellant.

*Henry Cooper,* for the respondent Mary T. C. King.

GOODRICH, P. J. :

The action is brought for the foreclosure of a mechanic's lien against premises formerly owned by the defendant Thomas B. King and thereafter conveyed by him to one H. C. Bailey, who conveyed them to the defendant Mary T. C. King, the wife of Thomas. The demurrers raise the question whether Bailey is a necessary party.

The primary object of a suit of this character is to enforce a lien against the premises. All persons having an interest therein, and only such, are necessary parties. The complaint alleges that, after the plaintiff's work was performed, the defendants, with the fraudulent intent to embarrass, hinder and delay the plaintiff in the collection of the money due to her, conveyed the premises to Bailey, and that he on the same day reconveyed them to the wife and that such conveyances are fraudulent and void as against the plaintiff and constitute no bar or defense to her lien. The prayer for judgment is that the plaintiff be adjudged to have a valid lien on the premises and that the same be sold, and if it shall be adjudged that the plaintiff has no lien, that she shall have a judgment against the defendants personally.

As the demurrers are to the entire complaint they cannot be sustained, provided there is any cause of action in the complaint against either of the defendants. There is such a cause of action as against

· SECOND DEPARTMENT, MARCH TERM, 1899.        [Vol. 38.

the husband, even if there is no lien upon the premises, as the statute in express terms provides that in such an action if the plaintiff fail to establish a valid lien he may nevertheless recover a judgment against the parties for such sums as may appear to be due him and which he might recover in an action upon a contract against such party. (3 R. S. [9th ed.] 2643, § 15.)

The Code of Civil Procedure (§ 447) provides that any person may be made defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party for the complete determination or settlement of a question involved therein. The question is not whether a person charged with a fraud resulting in injury to the plaintiff and against whom a judgment is demanded must be made a party, nor whether such a person could not on his motion be made a party to protect himself. The question is simply whether Bailey has or claims to have any interest in the controversy or in a personal judgment against either of the defendants. It is clear that as he has divested himself of the title by his conveyance to the wife and no personal claim is made against him, he cannot be said to have any interest in the premises, and the controversy is solely whether the plaintiff has a lien on them. The complaint does not specifically allege that Bailey was guilty of fraud in the conveyance to the wife, although it does allege that the conveyances were made without consideration and are fraudulent and void as against the plaintiff.

The learned justice at Special Term sustained the demurrers on the authority of *Martin* v. *Walker* (12 Hun, 46) and *National Broadway Bank* v. *Yuengling* (58 id. 474). As these cases are clearly distinguished in the concurring opinion of Mr. Justice CULLEN, I do not consider it needful to refer to them.

The interlocutory judgments should be reversed and judgments directed for the plaintiff on the demurrers, with costs, with leave to the defendants to withdraw demurrers and serve answers on payment of the costs of one demurrer and of this appeal.

All concurred.

CULLEN, J.:

This action was brought to foreclose a mechanic's lien and to declare a conveyance from the defendant Thomas B. King to one

Bailey, and from Bailey to the defendant Mary T. C. King, the wife of Thomas, as void as against the plaintiff's lien. The defendants demurred on the ground that Bailey, the conduit from the husband to the wife, was a necessary party to the action. The Special Term upheld the demurrer, and from the judgment entered on that decision this appeal is taken. The learned judge below placed his decision on the ground that a party to an alleged fraudulent conveyance, though he has parted with his interest in the property, is a necessary party in an action to set aside the conveyance as fraudulent, and cited *Martin* v. *Walker* (12 Hun, 46) and *National Broadway Bank* v. *Yuengling* (58 id. 474) as supporting the proposition. The counsel for the respondents on this appeal justifies the decision of the Special Term on the analogy between the present action and a judgment creditor's action, to which, it is claimed, it is settled by authority, that the judgment debtor must be made a party. In *Martin* v. *Walker* (*supra*) Judge DANIELS did say that the conduit through whom the fraudulent transfer had been made was a necessary party to the action. His statement was simply a passing comment, wholly *obiter*, and neither authority nor reason was given. *National Broadway Bank* v. *Yuengling* (*supra*) is not in point, for there affirmative relief was sought against the corporation, which was not made a party to the action. In a creditor's bill, strictly of that character, a judgment debtor is a necessary party. Such an action seeks to reach equitable assets of the debtor not subject to levy on execution and properly held in trust. Such property is still the property of the judgment debtor, and, in determining what any third person may have for the benefit of the debtor, it may well be that his presence in the action is necessary to show that the accounting or determination shall conclude him as well as the third party holding the fund. But this rule is not applicable where the only relief is to set aside a fraudulent conveyance. This was so held by the elder Judge BROWN in *Spicer* v. *Hunter* (14 Abb. Pr. 4). The same doctrine is asserted in *Fox* v. *Moyer* (54 N. Y. 125). It is true the assertion there is *obiter*, but the reason for the proposition is clearly stated by a most able judge : " The conveyance was good as between the parties thereto, and, hence, no one had any interest to defend this suit but the defendant, and he was, therefore, the only proper party defendant." While the case, therefore, may not be an authority,

the reasoning of Judge EARL seems unanswerable. The same rule has been held in the Supreme Court of the United States. *Buffington* v. *Harvey* (95 U. S. 99) was an action by an assignee in bankruptcy to set aside a conveyance alleged to have been made by the bankrupt in fraud of his creditors. It was held that the bankrupt was not a necessary party to the action. Judge BRADLEY said: "The appellant also insists that the original bill was defective for want of parties in not making the bankrupt a party. This objection is not even made in the bill of review, and was not made in the original cause; and, if it had been made, in our judgment it would not have been a valid objection. The bankrupt had no interest to be affected, except what was represented by his assignee in bankruptcy, who brought the suit. As to the bankrupt himself, the conveyance was good; if set aside, it could only benefit his creditors. He could not gain or lose, whichever way it might be decided." The latest case on this subject (*First National Bank* v. *Shuler*, 153 N. Y. 163), while still adhering to the old doctrine of the necessity of making the judgment debtor a party to a creditor's bill, seems to recognize the exception to the rule in cases where the plaintiff has a lien on the property and seeks only to remove fraudulent obstruction. In Wait on Fraudulent Conveyances (§ 129) there will be found a very full discussion of this question, and all the authorities are there collated. We agree with Mr. Wait: "The best reasoning of the authorities seems to establish the rule that the debtor's presence as a defendant is superfluous in suits brought against fraudulent alienees to annul specific covinous conveyances." This is, at least, equally true of one who has been only an intermediary and has no present interest in the property. The plaintiff's suit, so far as the branch of it under discussion is concerned, is simply an action to set aside a fraudulent obstruction to her lien.

All concurred.

Interlocutory judgments reversed, and judgment directed for the plaintiff on demurrers, with costs, with leave to the defendants to withdraw demurrers and serve answers within twenty days, on payment of the costs of one demurrer and of this appeal.