(115 App. Div. 846)

### LATHROP, SHEA & HENWOOD CO. v. BYRNE et al.

(Supreme Court, Appellate Division, Fourth Department.   November 14, 1906.)

CORPORATIONS—FRAUDULENT CONVEYANCES TO STOCKHOLDERS—REMEDIES OF
CREDITORS—PARTIES.

In an action by a judgment creditor of a corporation to subject to the payment of its claim property fraudulently conveyed by the corporation to its stockholders, the corporation is a necessary party.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, § 2185.]

Appeal from Special Term, Erie County.

Action by Lathrop, Shea & Henwood Company against Frank P. Byrne and others, as executors of John Byrne, deceased.  From an interlocutory judgment overruling a demurrer to the complaint on the ground of defect of parties defendant, defendants appeal.  Reversed and demurrer sustained.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Frederick W. Frost, for appellants.
Bushnell & Metcalf, for respondent.

WILLIAMS, J.   The interlocutory judgment should be reversed, and the demurrer sustained, with costs in this court and the court below, with leave to plaintiff to plead over on payment of the costs of this appeal and of the demurrer.

The action is brought by a judgment creditor of the Interior Construction Company, a foreign corporation, to recover of the defendants, stockholders of that corporation, the amount of their judgment, upon the claim that such stockholders have wrongfully received large amounts from such corporation as dividends and profits, growing out of the work performed by the corporation, including the work performed by plaintiff, for which its judgment was obtained.   The construction company is not a party to the action, and this is why the defendants claim there is a defect of parties.

The question involved is whether the judgment debtor is a necessary party to the action.   The general rule undoubtedly is that a judgment debtor is a necessary party to a creditor's action to reach property alleged to have been wrongfully transferred to parties in fraud of the creditor's rights.   Smith on Equitable Remedies of Creditors, pp. 79, 114, and cases there cited.   12 Enc. of Law & Procedure, 37, and cases there cited.   And this rule applies to actions to set aside fraudulent transfers by corporations to their stockholders.   2 Pom. Eq. Remedies, p. 1469, and cases there cited; 2 Cook on Corporations, p. 1182, and cases there cited.

100 N.Y.S.—66

But it is said that there are exceptions to this rule, and that the present case falls within these exceptions. The trial court cites two cases as supporting this view (Bartlett v. Drew, 57 N. Y. 587; Hastings v. Drew, 76 N. Y. 9), and counsel for respondent further calls attention to the following cases, viz.: Fox v. Moyer, 54 N. Y. 125; Bank v. Shuler, 153 N. Y. 163, 47 N. E. 262; Bank v. Rogers, 166 N. Y. 380, 59 N. E. 922; Bierschenk v. King, 38 App. Div. 360, 56 N. Y. Supp. 696; Buffington v. Harvey, 95 U. S. 99, 24 L. Ed. 381.

In Bartlett v. Drew, above, the corporation debtor was a party to the action, and therefore the question here being considered was not involved. In Hastings v. Drew, above, the question here being considered was not raised or considered.

In Fox v. Moyer, above, an action was brought to set aside a conveyance by a judgment debtor as a cloud upon the lien of the judgment creditor. On the trial the objection was made that the judgment debtor was not a party. The Court of Appeals held that the objection could not be raised; it not having been taken by demurrer or answer. It was also said that the action was not a creditor's bill, in which judgment debtors were necessary parties; that the conveyance was good as between the parties to it and the grantor, the judgment debtor, had no interest to defend, only the grantee was a necessary party. That case was distinguished in Miller v. Hall, 70 N. Y. 250, 252, which held that in a creditor's bill the judgment debtor was a necessary party, but that Fox v. Moyer was not a creditor's bill. In Buffington v. Harvey, 95 U. S. 99, 24 L. Ed. 381, a bill was filed by an assignee in bankruptcy to set aside, as a fraud upon the creditors, a conveyance of real and personal property by the bankrupt. It was said that this question of defect of parties was not properly before the court for review, but it was said also that the bankrupt was not a necessary party to the action, as he had no interest to be affected, except what was represented by the assignee; that the conveyance was good as to the bankrupt himself, and if set aside only his creditors would be benefited, and their interests would be cared for by the assignee. In Bank v. Shuler, 153 N. Y. 163, 47 N. E. 262, a creditors' action was brought to set aside, for fraud, a general assignment for the benefit of creditors and certain specific absolute transfers. Then the assignor and debtor died, and the action proceeded to judgment without bringing in the personal representatives of the deceased party. Some effort in this direction was made, but the court held it had not been properly done. It was further held that the personal representatives were necessary parties to the action considering that the relief sought was, among other things, to set aside the general assignment; that, while they had no interest so far as the specific absolute transfers were concerned, as they were good between the original parties, and the debtor and his representatives had no interest in their being upheld, yet as to the trusts in the assignment the debtor and assignor and his personal representatives had an interest in having the assignment upheld and the property assigned applied to the trusts provided for, and any balance remaining returned and repaid to the assignor, and his personal representatives. In Bierschenk v. King, 38 App. Div. 360, 56 N. Y. Supp. 696, an action was brought

to foreclose a mechanic's lien. The owner fraudulently transferred the property to his wife. It was held that the grantor of the property was not a necessary party to the action inasmuch as the conveyance was good as between him and his wife, and he had no interest in upholding it. The above cases, Fox v. Moyer, Buffington v. Harvey, and Bank v. Shuler, were cited, and relied upon. In Bank v. Rogers, 166 N. Y. 380, 59 N. E. 922, an action was brought by the bank to establish, as against an assignee for the benefit of creditors, an equitable lien upon property pledged to the bank by the assignors, and it was held that the assignors were not necessary parties defendant, inasmuch as the object of the suit was not to vacate the assignment or defeat the trust, but to restrict it to its proper subjects, and to set apart the bank's property. The court said it was unlike Bank v. Shuler, above, which was an action to set aside the assignment and defeat the trust entirely. Very little consideration was given to this question in the case, and no effort was made to change the rule laid down in other cases by the court.

Nothing appears in the cases above referred to, and considered, to bring the present case within the exceptions to the general rule that in creditors' actions the judgment debtor is a necessary party defendant. In this case the alleged transfer of the property of the corporation was made by the officers and directors, and, if wrongfully done, was not binding upon the corporation. The property can be recovered back and applied to the proper uses of the corporation. The corporation has an interest in seeing, if the transfer is set aside as unlawful and the property is recovered back, that it is properly applied, through the instrumentality of a receiver, or otherwise, to the payment of the debts of the corporation, and the balance held for the stockholders. It is not necessarily applicable entirely to the payment of the plaintiff's claims. The corporation is therefore a necessary party to this action.

We think the action cannot be maintained without the presence in court of the corporation. The demurrer to the complaint by reason of defect of parties defendant should therefore be sustained.

Interlocutory judgment reversed with costs, and demurrer sustained with costs, with leave to the plaintiff to plead over upon payment of the costs of the demurrer and of this appeal. All concur.