ISAAC L. MILLER, Receiver, etc., Appellant, v. AMANDA M. HALL, Respondent.

In an action brought by a receiver appointed in supplementary proceedings to set aside, as fraudulent against creditors, an assignment of a chose in action, made by the judgment debtor, the latter is a necessary party.

So, also, where there are grounds for claiming that the property belonged to an estate, of which the debtor is a personal representative; as such, he is entitled to be a party.

Where the answer sets up that the debtor is a proper party, it is sufficient to present the question whether he is a proper party, either individually or in a representative capacity.

*Fox* v. *Moyer* (54 N. Y., 130) distinguished.

(Argued June 14, 1877; decided June 22, 1877.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment entered upon a decision of the court upon trial without a jury. (Reported below, 8 J. & S., 262.)

This action was brought by plaintiff as receiver of the property of Amanda M. Senior, appointed in supplementary proceedings upon a judgment recovered by one Ross against her, to have an assignment of a bond and mortgage, made by her to defendant, declared void, as fraudulent as against her creditors.

The answer alleged that the bond and mortgage in question belonged to the estate of Edward H. Senior, late husband of said Amanda M. Senior; that said Senior died, leaving a will, in and by which said Amanda was made his executrix; and that at the time of the assignment by her, said bond and mortgage was held by her as such executrix.

The answer further alleged a defect of parties defendant, in that the said Amanda M. Senior was a proper and necessary party.

Upon the trial a motion was made to dismiss the complaint, because of such defect in parties, which was denied. Evidence on the part of defendant tended to show that the

bond and mortgage in question were taken and held by Mrs. Senior as executrix, and that they were assigned to defendant in trust, to be used for the benefit of the estate.

*Wm. W. Badger*, for the appellant.    This was not a creditor's bill to reach a chose in action which could not be reached at law.    (*Fox* v. *Moyer*, 54 N. Y., 128 ; *Bartlett* v. *Drew*, 57 id., 591; *Webster* v. *Bond*, 9 Hun, 437–9; *Porter* v. *Williams*, 9 N. Y., 142.)    It was not necessary to make Mrs. Senior a party to this action.    (*Fox* v. *Moyer*, 54 N. Y., 130; *Palen* v. *Bushnell*, 18 Abb. Pr., 302 ; *Allen* v. *N. J. R. Co.*, 49 How. Pr., 18; *Taft* v. *Wright*, 47 id., 1 ; *Stockwell* v. *Wager*, 30 id., 274; *Wetmore* v. *Candee*, 49 N. Y., 667; *Allen* v. *Smith*, 16 id., 419; *Speir* v. *Wardell* 1 id., 162; *Hammond* v. *Pennock*, 61 id., 157; *Van Buren* v. *Cockburn*, 14 Barb., 121; *Arnold* v. *Suff. Bk.*, 27 id., 426 ; *Spicer* v. *Hunter*, 14 Abb. Pr., 4; *Edmeston* v. *Lyde*, 1 Paige, 641; *Muir* v. *Leak*, 3 Barb. Ch., 477; *Chase* v. *Vanderbilt*, 62 N. Y., 314; *Knowlton* v. *Mickles*, 29 Barb., 470; *Sawyer* v. *Chambers*, 11 Abb. Pr., 110; *Hubbard* v. *Eames*, 22 Barb., 603; *Gunther* v. *Greenfield*, 8 Abb. Pr. [N. S.], 191.)    Mrs. Senior could be joined as a party personally and as executrix. (*Landon* v. *Levy*, 1 Abb. Pr., 376; *McMahon* v. *Allen*, 1 Hilt., 103; 12 How. Pr., 39; *Latting* v. *Latting*, 4 Sandf. Ch., 31; *Rapalyer* v. *Rapalye*, 27 Barb., 614; *Graff* v. *Bonnett*, 31 N. Y., 9; *Miller* v. *Miller*, 1 Abb. [N. C.], 30.)    No oral trust in Mrs. Hall existed in the mortgage and real estate purchased by her.    (*Waring* v. *Waring*, 3 Abb. Pr., 246; *Palen* v. *Reynolds*, 22 How. Pr., 355; *McKay* v. *Draper*, 27 N. Y. 256; *Leslie* v. *Wiley*, 47 id., 652; *Gibney* v. *Marchay*, 34 id., 301; *Case* v. *Phelps*, 39 id., 164; *Norton* v. *Coons*, 6 id., 33 ; *Carpenter* v. *Roe*, 10 id., 227 ; *Mott* v. *Richtmyer*, 57 id., 58; *Mayor, etc.* v. *B'klyn*, 4 Keyes, 467 ; *Hove* v. *Am. Mut. Ins. Co.*, 2 Duer, 568.)

*Thomas H. Borowsky*, for the respondent.    Mrs. Senior was a necessary party to this action.    (Bump on F. Con.,

534; Barb. on Parties, 482; *Sewall* v. *Russell,* 2 Paige, 175; *Monroe* v. *Galv. R. R. Co.,* 19 Abb. Pr., 90; *Spear* v. *Campbell,* 5 Scam. [Ill.], 424; *Allison* v. *Weller,* 6 T. & C., 291.) The assignment made by Mrs. Senior cannot be adjudged void because made without consideration. (*Holden* v. *Burnham,* 63 N. Y., 74; *Comstock* v. *Ames,* 41 Keyes, 357; *Myer* v. *Amidon,* 45 N. Y. 169; *Oberlander* v. *Speiss,* id., 175.) The judgment roll in the action by Ross against Mrs. Senior was utterly inadmissible against defendant. (*Miller* v. *White,* 50 N. Y., 137.) Defendant holds the mortgage assigned to her in trust for the estate of Edward H. Senior. (*Mason* v. *Lord,* 40 N. Y., 476 ; *Sheldon* v. *Sheldon,* 51 id., 354 ; Wms. on Per. Prop., 238.)

MILLER, J. The General Term reversed the judgment of the trial court, as appears from the opinion, upon the single ground that Mrs. Senior was not made a party to the action. We concur with the conclusion at which they arrived, as well as the reason upon which it is founded. The opinion of the court fully reviews the authorities bearing upon the question, and those cited by the appellant's counsel are not, we think, in conflict with the views there expressed.

It is well settled, that in the case of a creditor's bill, to reach a chose in action, which is the character of the present action, the judgment debtor is a necessary party, as is manifest from the opinion referred to, and the current of authority is in favor of this position.

*Fox* v. *Moyer* (54 N. Y., 130), which is relied upon by the appellant's counsel, was not a creditor's bill; and as is shown in the opinion, was plainly to be distinguished from the other cases cited. It does not sustain the appellant's views.

But even although it was not essential that Mrs. Senior should be made a party individually, she had a right, and should be allowed to be heard as the executrix and as the representative of her husband's estate. There are certainly

grounds for claiming that the bond and mortgage belonged to that estate, was taken in its behalf, and assigned in that interest.

It is also asserted and urged that the defendant purchased and now holds the mortgaged lands in trust. These facts are sufficient to entitle Mrs. Senior to appear and be heard as a party, and without such appearance as a party to the record, the right of all the parties cannot be fully and finally determined.

The answer sets up, that she is a proper party, and that is enough to present the question as to her being a proper party, as an individual and in her representative capacity as executrix. The question as to what her interest is, can be determined when she is made a party, and properly before the court, and is not necessary to consider at this time. It is sufficient that she represents an estate, and that a question arises as to her interest in the same to require that she be brought in as a party. If Mrs. Senior is brought in and has an opportunity to be heard, and to protect the estate of which she is the executrix, the rights of all the parties can be considered and properly disposed of.

The order of the General Term was right, and should be affirmed, and judgment absolute ordered on the stipulation. All concur, except RAPALLO, J., absent.

Order affirmed, and judgment accordingly.