CHARLES E. HUBBELL, as RECEIVER, ETC., OF THE SYRA-
CUSE IRON WORKS, RESPONDENT, *v.* THE MERCHANTS'
NATIONAL BANK OF SYRACUSE, APPELLANT.

*Practice — the grantor must be made a party to an action to set aside a conveyance as
fraudulent.*

This action was brought by the plaintiff, who had been appointed a receiver of
the Syracuse Iron Works in a creditors' action, brought under section 1784
of the Code of Civil Procedure, to set aside as fraudulent a judgment in favor of
the defendant, entered upon an offer made by the Syracuse Iron Company, in
an action brought against it by the defendant, and to recover the value of the
chattels sold under an execution issued on the said judgment.

*Held,* that a demurrer, interposed upon the ground that there was a defect of
parties defendant, because of the non-joinder of the Syracuse Iron Works,
should be sustained.

The rule is settled that in actions to set aside fraudulent conveyances, the alleged
fraudulent grantor is a necessary party defendant.

*Miller* v. *Hall* (8 J. & S., 262; affirmed, 70 N. Y., 250) followed; *The Attorney
General* v. *The Guardian Mutual Life Insurance Company* (77 N. Y., 272)
distinguished.

APPEAL from an interlocutory judgment, entered on an order over-
ruling a demurrer to the complaint interposed by the defendant.

*Henry A. Maynard,* for the respondent.

*Forbes, Brown & Tracy,* for the appellant.

FOLLETT, J.:

October 7, 1884, the Merchants' National Bank sued the Syracuse
Iron Works on its promissory notes. On the same day the
Syracuse Iron Works appeared in the action and made an offer of
judgment, which was accepted, and a judgment entered pursuant to
section 738 of the Code of Civil Procedure. On the same day
(October seventh) an execution was issued on the judgment to the
sheriff of Onondaga county, who, on the same day, levied on chattels
of the Syracuse Iron Works, and October 14, 1884, sold them under
the execution. October 7, 1884, the plaintiff was appointed, and
October 8, 1884, qualified as temporary receiver of the Syracuse
Iron Works, in a creditors' action brought under section 1784 of the
Code of Civil Procedure, and December 9, 1884, he was appointed

permanent receiver by a final judgment in the creditors' action, pursuant to section 1788 of the Code of Civil Procedure.

The receiver brings this action to set aside, as fraudulent, the judgment of the Merchants National Bank and to recover from it the value of the chattels sold under the execution. The defendant demurred, upon the ground that there was a defect of parties defendant, because of the non-joinder of the Syracuse Iron Works.

The case of *Miller* v. *Hall* (8 J. & S., 262; affirmed, 70 N. Y., 250), reviews the conflicting decisions, and settles the rule that in actions to set aside fraudulent conveyances, the alleged fraudulent grantor is a necessary party defendant.

The *Attorney General* v. *The Guardian Mutual Life Insurance Company* (77 N. Y., 272), which is relied upon, is not in point. That case was under a statute which authorized the Supreme Court to dissolve the corporation, and, it having been done, the corporation was no longer in existence and could not have been made a party. The case at bar was not brought under sections 1785 and 1786 of the Code of Civil Procedure, and the Syracuse Iron Works has not been dissolved, but is an existing corporation, with all of the legal rights of a corporation, and is a necessary party defendant in this action, brought to set aside a judgment and a transfer of its property had by its consent.

The interlocutory judgment must be reversed with costs, and the demurrer sustained, with leave to the plaintiff to plead anew within twenty days after notice of the entry of judgment, upon payment of the costs.

HARDIN, P. J., and BOARDMAN, J., concurred.

Interlocutory judgment reversed, and the demurrer sustained with leave to plaintiff to amend upon payment of costs of the demurrer and of the appeal within twenty days.