### (Surrogate's Court, Westchester County.   August, 1888.)

1. TOWNS—CAPACITY TO TAKE BEQUEST.
   1 Rev. St. N. Y. 337, § 1, provides that each town as a body corporate has capac-· ity to sue, etc., to purchase and hold lands within its own limits, and to purchase and hold such personal property as may be necessary to the exercise of corporate or administrative powers.   Section 2 provides that no town shall possess or exer-

cise any corporate powers except as enumerated. *Held,* that a town has no authority to receive a bequest to be devoted, under certain conditions, to the erection of a town hall.

2. WILLS—CONSTRUCTION—SUSPENSION OF OWNERSHIP.

Under 1 Rev. St. 773, § 1, declaring that the absolute ownership of personal property shall not be suspended longer than two lives in being, a bequest containing a condition by which the ownership may be suspended for the term of three years is void.

3. SAME—CREATION OF TRUST.

The fact that a trust is created in regard to such legacy makes no difference.

In the matter of the probate of the will of Edward B. Underhill, deceased.

On the application of Alfred M. Underhill, residuary legatee, the court was asked to construe and determine the validity of certain provisions of the will as to the disposition of personal property, embraced in the fifteenth and sixteenth clauses. The fifteenth clause devised a lot to the town of Yorktown, for the purpose of erecting thereon a town hall, on condition that the hall should be erected within three years after the testator's death, and then proceeded as follows: "And I further give and bequeath to said town of Yorktown the sum of three thousand dollars towards the erection of such town hall upon the plot of ground above designated: provided, nevertheless, and this bequest and devise are upon condition that the said town of Yorktown and people shall raise the sum of fifteen hundred dollars, and apply the same towards the erection and completion of such town hall on such lot within three years after my decease." The sixteenth clause devised to the executors, in trust, another lot "for the purpose of erecting thereon a large, substantial, and tasteful church, for the use of an Episcopalian, Presbyterian, Congregational, Baptist, or any other Christian society of the Protestant faith, whichever may first comply with the conditions of this devise and bequest. And I also give and bequeath to my said executors, in trust nevertheless, the sum of three thousand dollars, to be expended toward the erection of a church edifice upon the site, and for the uses before specified. And I also give permission and right to such society to quarry granite or marble stone upon my land from either quarry then remaining unsold, to be used in the erection of the foundation or basement of such edifice: provided, however, and the foregoing devise and bequest are hereby made upon the express condition, that within three years from the date of my decease there shall have been first subscribed and paid in to its treasurer, by such society or its friends, for the purpose of the erection of such edifice, the sum of two thousand five hundred dollars; and if such sum so subscribed and paid in and expended by such society shall amount to the sum of three thousand dollars, or any sum in the excess of said three thousand dollars, in such case the foregoing bequest of three thousand dollars shall be increased to the sum of three thousand five hundred dollars so to be paid by my executors."

*R. H. Underhill,* for applicant. *Abin S. Underhill,* for the executors.

COFFIN, S. Two objections are raised to the validity of the provisions of the fifteenth clause, in so far as relates to the bequest: *First,* that the town has no capacity to take a legacy; and, *second,* because the absolute ownership of the amount of such legacy is illegally suspended.

It is provided by 1 Rev. St. 337, § 1, that each town, as a body corporate, has capacity to sue and be sued, to purchase and hold lands within its own limits, and to purchase and hold such personal property as may be necessary to the exercise of corporate or administrative powers. Section 2 provides that no town shall possess or exercise any corporate powers except such as shall be enumerated in that chapter. (Chapter 11.) There does not appear to be any power granted to a town, by statute, to receive such a legacy as the testator sought to bequeath.

There can be no doubt that the second objection is well taken. There is an an illegal suspension of the absolute ownership of the amount of the legacy, as

it is not limited upon a life, but upon a period of time. Our statute (1 Rev. St. 773, § 1) is explicit in declaring that the absolute ownership of the personal property shall not be suspended by any limitations or condition whatever, for a longer period than during the continuance and until the termination of not more than two lives in being at the death of the testator. To render such suspension valid, the bequest must be limited on a life or lives. It is difficult to conceive how a limitation of three years may not be longer than until the termination of the lives of any two beings in existence at the death of the testator. To render such future estates valid, they must be so limited that in every possible contingency they will absolutely terminate at such period, or they will be held void. The authorities to this effect are abundant. It will be sufficient to cite Lewis, Perp. 170; *Hawley* v. *James*, 16 Wend. 62; *Schettler* v. *Smith*, 41 N. Y. 334; *Smith* v. *Edwards*, 88 N. Y. 92. The legacy attempted to be given to aid in the erection of a church edifice must be declared void on the same ground. That a trust was created in regard to it, can make no difference. *Smith* v. *Edwards*, *supra*. The result is that the sums so attempted to be bequeathed fall into the residuum provided for in the will. Decree accordingly.

