CHARLES H. PENDERGAST, as Receiver, etc., Respondent, *v.* NELSON GREENFIELD et al., as Executors, etc., Appellants.

The beneficiary of a trust may, and can only, by a suit in equity compel the trustee to perform his duty and account for and apply the trust estate in accordance with the provisions of the trust.

Where an assignment of property has been made in trust to pay certain liens and claims thereon, a party who owned such a claim at the time of the assignment, but who has since transferred the same, he, however, remaining liable for its collection, may maintain an action to compel an accounting by the trustee.

In such an action defendant is not entitled as of right to a trial of the issues of fact by a jury.

In such an action the complaint alleged that an account was stated between plaintiff and the trustee as to all receipts and payments by the trustee from the trust estate, by which a balance was found in his hands, which it was his duty to apply in accordance with the trust. The relief asked was an accounting and application by defendant of any balance found in his hands to the purposes of the trust. It appeared that the account referred to was made out by plaintiff from statements and vouchers furnished by defendant, and when presented to him he admitted it to be correct. *Held,* that the action was not based upon an account stated, within the proper meaning of that term, as the relation of debtor and creditor did not exist between the parties; that the account, while important as evidence, was not controlling, and was not an admission that plaintiff had any interest in the balance on hand.

The property assigned was the assignor's interest in a contract for certain work, and the trust was to pay out of the moneys received by the assignee, "all liens, claims, debts and demands growing out of said

work *existing* against" the assignor. The P. Bank, of which plaintiff is the receiver, held, at the time of the assignment, liens upon the amount to become due on the contract as security for notes discounted by it for the assignors. *Held,* that the declaration of trust did not embrace notes discounted after its date.

(Argued March 5, 1891; decided April 21, 1891.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made the second Monday of November, 1889, which affirmed a judgment entered upon a decision of the court at Special Term, and affirmed an order which denied a motion of the defendants for a trial by jury, and also affirmed an order which granted a motion of the plaintiff for an extra allowance.

This action was brought to enforce a trust.

The complaint alleged the appointment of the plaintiff as receiver of the Produce Bank, the discount by that bank, prior to January 24, 1880, of certain notes for the firm of N. H. Decker & Co., contractors for the construction of the River-side Drive; that said bank held as security certain liens upon the amount to become due from the city of New York for said work; that on the day last named Nicholas H. Decker, a member of said firm, assigned to Ernest Greenfield, defendant's testator, certain claims to the contract and the work done thereon between the city and said Decker and one Quintard for the construction of said drive and that " for the purpose of such assignment all rights in such respect had theretofore been transferred" to said Decker with the assent of said bank; that at the same time and as a part of the same transaction said Greenfield executed a declaration of trust, of even date, whereby he acknowledged that said assignment was made to him in trust only to pay out of the profits and proceeds of said contract "all liens, claims, debts and demands growing out of said work and *existing* against the firm of N. H. Decker & Co. or either member thereof as such by reason of said work," and agreed to account to said Decker and to pay over to him " any and all moneys by such accounting found to be due after payment of said liens, claims, debts and demands"

by him to be paid as aforesaid.  The complaint further alleged that from time to time accounts were had between the Produce Bank and said trustee concerning the amounts collected, disbursed and on hand; that April 1, 1885, " an account was stated between the plaintiff, as receiver of the said Produce Bank and Ernest Greenfield, as trustee, as aforesaid, as to all sums and amounts up to that time collected, and as to all sums or amounts paid or payable by him to such date, by which account and statement as aforesaid a balance was found due by the said Ernest Greenfield, as such trustee, under his trust, of the sum of $5,958.48."  The complaint also charged that it thereupon became the duty of said trustee to apply such balance in his hands in accordance with the trust and to pay the outstanding notes held by plaintiff, or indorsed and pledged by the Produce Bank, less his commissions, which on the 23d of December, 1884, were fixed by agreement between him and the plaintiff at the sum of $2,500, including all services and expenses; that after deducting said sum there still remained a considerable balance in his hands which, upon due request, he refused to apply to the purposes of the trust or to account therefor.  The demand for judgment was that " *an accounting be taken* of all sums in the hands of " said trustee " and of any amounts paid out or just charges on the same; " " that the balance *found to be due* be paid over or applied to the purposes of the trust; " that a receiver be appointed, an injunction issued and such further relief granted as should be just and equitable.

The answer denies portions of the complaint, but not that part relating to an account stated, except the allegation that it included all the items properly chargeable against the trust fund; insists that the plaintiff is not entitled to a further account and that the unpaid notes discounted by said bank, if any there were outstanding, were not the only outstanding claims, within the meaning of the declaration of trust.  A counter-claim in favor of Ernest Greenfield, individually, was also pleaded against the plaintiff, who duly replied thereto.

Subsequently, the Continental Bank was made a party defendant upon its own motion, and in its answer alleged that it then held a number of unpaid notes, duly transferred to it by the Produce Bank, that were secured by the assignment and declaration of trust, and united in the prayer of the complaint for an accounting and other relief against the trustee.

After issue joined and on the 11th of October, 1886, said Ernest Greenfield, as trustee and individually, moved at Special Term that the issues of fact in the action be tried by a jury, and he then individually moved also that his cause be struck from the Special Term calendar and sent to the Circuit " upon the ground that the issue of fact arising upon his counter-claim and his demand thereupon of an affirmative judgment against the plaintiff must be tried by a jury as of right," but the motion was denied as to the cause of action alleged in the complaint and the issues relating thereto were directed to be tried at said Special Term. The issues of fact relating to the counter-claim were ordered to be tried by a jury at Circuit.

October 19, 1886, the first branch of the case was tried at Special Term and before any evidence was taken or the cause opened the defendant Greenfield, as trustee and individually, demanded " that the issues of fact in the case be tried by a jury," but the motion was denied, except as to the counter-claim, and exception was duly taken. Thereupon, evidence was given in behalf of the plaintiff tending to support the allegations of the complaint. That which was termed an account stated was read in evidence, consisting of charges of money received by said trustee on one side and credits of money by him paid out on the other and concluding with a balance due of $5,958.48, with interest from October 12, 1881. It appeared that this account was made up from statements and vouchers furnished by the trustee and that it included all items up to February 22, 1885, when it was delivered to him and about two weeks afterward it was pronounced by him correct and corresponding to his own. Evidence was given tending to show that a balance of $13,000 or $14,000 was still

due from the Produce Bank to the Continental Bank, secured by notes of N. H. Decker or N. H. Decker & Co., discounted by the former bank, but not all of them prior to January 24, 1880. Six notes, aggregating $33,840, were discounted in February, 1880, and two, amounting to $8,079.71, in March, 1880.

When the plaintiff rested the defendant moved to dismiss the complaint upon the ground that the plaintiff had had an accounting before this action was commenced, and that the declaration of trust applied only to liens and demands existing on the 24th of January, 1880, and not to notes discounted by the Produce Bank after that date, but the motion was denied and the defendant excepted.

Evidence was thereupon offered by the trustee tending to show that he had made payments pursuant to said trust other than those included in the account stated, but the evidence was excluded, and such as had been received was stricken out, as "in derogation of the account stated."

At the close of the evidence, the counter-claim having been withdrawn and the trial completed at Special Term, the defendant Greenfield moved for a nonsuit upon the same grounds as those stated in the motion to dismiss, and also because the plaintiff had not shown himself entitled to any recovery against said Ernest Greenfield, either as an individual or as trustee, but the motion was denied and exception taken. The Special Term thereupon found the facts substantially as they were alleged in the complaint, and as conclusions of law that "the aforesaid account stated between the plaintiff, as receiver, and the defendant, as trustee, is valid and binding, and that the said defendant, as trustee, is chargeable with the sum of $5,958.48, with interest from October 12, 1881, * * * and which sum he is bound to apply to the payment of the notes aforesaid." Judgment was directed requiring Greenfield, as trustee, to pay to the plaintiff a balance of $5,484.58, after adding interest and deducting commissions, " to be by him applied *pro rata* in payment of the said notes held by the Continental Bank as aforesaid."

*Burton N. Harrison* for appellant. If the action is on an equitable cause of action, it was error to try it as upon an account. stated; and, plaintiff having failed to show himself entitled to equitable relief, the complaint should have been dismissed, when the defendant moved for a dismissal, or the plaintiff should have been nonsuited when the defendant moved for a nonsuit. (*Lewis* v. *Cocks*, 23 Wall. 470 ; *Bradley* v. *Aldrich*, 40 N. Y. 511 ; *Wheelock* v. *Lee*, 74 id. 500 ; *Brinckerhoff* v. *Bostwick*, 105 id. 572.) The accounting to which the plaintiff or any one except Decker was ever entitled from the trustee under the declaration of trust was, as appears from that instrument itself, an accounting only until payment of the debts of the firm of N. H. Decker & Co. existing when the declaration of trust was made, *i. e.*, existing January 24, 1880. The firm of N. H. Decker & Co. was dissolved that day — January 24, 1880. (*Marquand* v. *N. Y. M. Co.*, 17 Johns. 533 ; *Morss* v. *Gleason*, 64 N. Y. 207 ; *Menagh* v. *Whitwell*, 52 id. 166 ; *Kennedy* v. *Porter*, 109 id. 548 ; 3 Kent's Comm. 52, 63, 66.) The plaintiff had no right to a further accounting from the trustee and the complaint should have been dismissed, for the reason that it clearly appeared from the testimony that the trustee had paid all the plaintiff or the Produce Bank was entitled to out of the trust fund or under that declaration of trust. (*Thompson* v. *S. N. N. Bank*, 113 N. Y. 333.) The account stated alleged in the complaint and which is not denied in the answer, is not by the complaint alleged or charged to show a balance due by the trustee to the plaintiff. That account is there merely alleged to show that the balance found was due by the trustee under his trust. The trust required the surplus to be paid or accounted for to Decker after paying the claims, etc., existing January 24, 1880, against the firm of N. H. Decker & Co., and the trustee has actually paid or accounted to Decker for that balance. The trustee has, therefore, performed his trust in full. (*Volkening* v. *DeGraef*, 81 N. Y. 271.) The action is in substance, upon an account stated ; if the complaint states any cause of action, it is one which the law of New York allows to be tried by jury ; and the denial

of a trial by jury was error for which the judgment should be reversed. (Const. N. Y. art. 1, § 2; *Hutchings* v. *Miner*, 46 N. Y. 460; *Wheelock* v. *Lee*, 74 id. 498; *People* v. *A. & S. R. R. Co.*, 57 id. 174; *Roberts* v. *Ely*, 113 N. Y. 132; *Cumberland* v. *Codrington*, 3 Johns. Ch. 261; *Lawrence* v. *Fox*, 20 N. Y. 268; *Coster* v. *Mayor, etc.*, 43 id. 411.)

*John L. Cadwalader* for respondent. An account stated having been alleged between the receiver and the defendant in the complaint and admitted in the answer covering all the items up to April, 1885, and a balance having been fixed and settled, no allegation being made of mistake or fraud, the accounts between the parties here were thus made final and conclusive and cannot be reopened, and no items within the period indicated in the complaint, can be allowed in derogation of the account. (*Lockwood* v. *Thorne*, 18 N. Y. 292; *Harley* v. *E. W. Bank*, 76 id. 618; *Samson* v. *Friedman*, 102 id. 699; *Volkening* v. *DeGraeff*, 81 id. 270; *Rutty* v. *Person*, 20 J. & S. 329.) Apart from the account stated, and on the merits, no payments whatever in derogation of the account stated were shown. (*In re Ingersoll*, 6 Duer, 375.) The evidence sought to be introduced by defendant as to his payments to Decker, and conversations with him was all incompetent, and was properly excluded. (Code Civ. Pro. § 829.) The evidence excluded by the court as to Greenfield's conversations with N. H. Decker concerning the $10,000 payable to him and those concerning the $1,250 claimed to have been paid by Greenfield, and the checks aggregating that sum; concerning the checks for $200 and for $300, and concerning the $1,500 claimed to have been paid for Decker's team was all clearly within the prohibition of section 829 of the Code. (*Taylor* v. *Meldrum*, 6 Civ. Pro. Rep. 235; *Adams* v. *Morrison*, 113 N. Y. 152, 157; *Mills* v. *Davis*, Id. 243–250; *Nay* v. *Curley*, Id. 575–578; *Lerche* v. *Brasher*, 11 Civ. Pro. Rep. 423; *Malloon* v. *Young*, 45 N. Y. 696; *Resseguie* v. *Mason*, 58 Barb. 89, 99; *Simmons* v. *Henry*, 12 Civ. Pro. Rep. 205.) The cause of action set forth in the

complaint is clearly equitable, and was triable at Special Term. (Code Civ. Pro. §§ 968, 969; *Whiton* v. *Spring*, 74 N. Y. 171; *Farwell* v. *I. & T. Bank*, 90 id. 491; *Mackeller* v. *Rogers*, 109 id. 46.)

VANN, J. The assignment from Decker to Greenfield and the declaration of trust by the latter constituted a contract to which the Produce Bank was not a party. Its rights were not direct, but derivative. It was not a creditor of Greenfield, but of Decker, and its rights against the former were derived through the latter by virtue of the trust contract. It could only enforce those rights by enforcing the trust upon which they depended. It could enforce the trust only by an action to compel the trustee to account and to apply the moneys received by him to the purposes specified in the declaration of trust. In order to succeed in such an action it would not be enough for it to show that the trustee had on hand moneys applicable to the trust, but it would also be required to show that it had a *status* to maintain the action, either by proof that it owned a claim covered by the trust, or that it had owned such a claim and had transferred it to another, but was still liable over as indorser or surety. Thus the plaintiff, as the legal representative of the Produce Bank, could compel an accounting by the trustee after it had parted with its claim to the Continental Bank, provided it still remained liable to the latter for the payment thereof. Such was his theory in bringing this action, so far as it is disclosed by the complaint, and it is obvious that it was not an action at law to recover a definite sum of money, but a suit in equity to enforce a trust, by compelling the trustee to do his duty. "The beneficiary," says Mr. Pomeroy, "being the true owner, may always, by means of an equitable suit, compel the trustee to convey or assign the corpus of the trust property and to account for and pay over the rents, profits, issues and income which he has actually received, or in general which he might, with the exercise of reasonable care and diligence, have received." (Pomeroy's Eq. Jur. § 1058.)

The same learned author further says: "The jurisdiction exists, therefore, and it is well established, but the question arises, since there is a similar jurisdiction at law, when may a suit in equity for an accounting be brought? This question, of course, does not arise in those cases where an accounting is decreed as an incident to other equitable relief; nor should it arise where the subject-matter is an equitable interest or estate, for here the jurisdiction should be exercised as a necessary consequence, without regard to legal remedies." (Id. § 1420.) "No precise rule can be laid down on the subject, but it may be stated generally that in all cases in which an action of account would be the proper remedy at law, and in all cases where a trustee is a party, the jurisdiction of a court of equity over accounts is undoubted." (*Whiton* v. *Spring*, 74 N. Y. 171; *Farwell* v. *Importers & Traders' Nat. Bank*, 90 id. 491; 1 Wait's Actions & Defenses, 174.)

This action was not based upon an "account stated," within the proper meaning of that term, because the relation of debtor and creditor did not exist between Greenfield and either of the banks. (*Lockwood* v. *Thorne*, 18 N. Y. 292; 1 Am. & Eng. Encly. of Law, 324.) Mr. Decker, the creator of the trust, was the debtor, the banks were the creditors and beneficiaries, while the trustee was the executive officer of the trust, and for that purpose clothed with the legal title. The statement rendered was not made out by the trustee, although he pronounced it correct. It was important as evidence, but not controlling as a basis upon which to found an action. An admission that there was a balance on hand, did not admit that the plaintiff had any interest in it, or that it belonged to any of the primary beneficiaries, for it was consistent with owner-ship by Decker, the ultimate beneficiary. As was said by the learned General Term, it "was but an incident of pleading and proof in an action calling for the application of the ascertained balance to the trust purposes," but "settled nothing with regard to the extent of the plaintiff's demand against the ascertained balance." (*Volkening* v. *DeGraaf*, 81 N. Y. 271.)

These views are confirmed by the demand for judgment, which, although not decisive, illustrates the theory of the action. There is no demand for the recovery of any sum of money, but for an accounting and the application of any balance found due to the purposes of the trust. We think that the action was equitable in its nature, and that the motion and the application for a trial by jury were properly denied.

The main question arising upon the appeal from the judgment is whether the declaration of trust embraces notes discounted after its date. The answer to this question must be found in the declaration itself, which is the charter defining the powers of the trustee. By that instrument he acknowledged that he was trustee for a single purpose only, viz. : To pay out of the moneys received under the contract for the Riverside Drive " all liens, claims, debts and demands growing out of said work and existing against the firm of N. H. Decker & Co., or either member thereof as such, by reason of said work." It was a trust to receive certain moneys and to make certain payments therefrom. When this was done, the powers of the trustee, under that instrument, were ended, and his remaining duty was to account to Decker for all moneys so received, and to pay over to him the balance remaining after making the payments which formed the primary object of the trust. Although the theory of the plaintiff, according to his complaint, was that the trust covered simply notes discounted by the Produce Bank prior to January 24, 1880, the common date of the assignment, the declaration and the dissolution of the firm of N. H. Decker & Co., still he claimed upon the trial, and judgment was rendered in his favor on the theory, that notes discounted after that date were also included. The expression "growing out of said work" would support either theory, as it might refer with propriety to the past or the future, or both, but the demands to be paid are further defined as *existing* demands. By this is meant demands existing at the date of the instrument, and not at the date of payment, or at any indefinite date in the future. Reference is not made to claims thereafter to be created, but to those existing against

the firm that day dissolved, or either member thereof, as such. How was it possible for a claim against that firm, or against either member thereof, as such, to be created after the firm had been dissolved? If original discounts were afterwards made by the Produce Bank for Decker, or for a new firm organized by him, they were not existing demands within the meaning of the declaration of trust, and could not be paid by the trustee without further authority from the creator of the trust, and even then only out of the surplus that otherwise would have been going to him after all the other beneficiaries had been satisfied. The contract which bounds the rights of the parties does not refer to work done and to be done, or to debts created and to be created, but to existing debts growing out of the work. It does not appear that any work was done after the date of the trust agreement, which does not suggest that the work was incomplete, nor contemplate that the contract with the city, if in any respect unperformed, was to be completed by the trustee. It was not a trust to do work for the city, for nothing of that kind is mentioned, and the assignment, as recited in the declaration, was " of certain interests in the profits and proceeds of the work on the Riverside avenue * * * and the contract therefor " with the city authorities. On the other hand, as already suggested, it was a trust simply to receive, apply and account, and the application was expressly limited to claims already in existence. For these reasons, we are of the opinion that the courts below misconstrued the declaration of trust, and as it may appear upon another trial that Decker consented that the trust should extend to debts created after January 24, 1880, we do not dismiss the complaint, but order a new trial.

The order denying the motion for a trial by jury should be affirmed, without costs, but the judgment should be reversed and a new trial granted, with costs to abide event.

All concur, except BRADLEY, J., dissenting.

Judgment reversed and ordered accordingly.