BEECHER v. YALE et al.

(Supreme Court, Special Term, Chenango County.    April 28, 1893.)

1. WILLS—VALIDITY—UNASCERTAINED BENEFICIARY.
    A provision in a will setting apart a fund for the erection of a soldiers'
    monument on a village green, on condition that the green be first inclosed,
    and trees planted, but without providing how or by whom such provision
    should be carried out, is void for indefiniteness.

2. SAME—CONDITIONAL BEQUEST.
    ⸴ Such provision is also void because the present vesting of the gift is
    prevented by the condition attached.

3. SAME—STATUTE OF PERPETUITIES.
    A direction in a will that a certain sum shall be ·permanently invested,
    and the income applied to the purpose of founding and supporting a pub-
    lic library in a designated village, but without naming a person to take the
    fund, creates an unlawful perpetuity. ·

Action by Daniel Beecher, as surviving executor of the will of
Harris H. Beecher, deceased, against Sarah A. Yale and others.

Howard D. Newton, for plaintiff. ·
W. F. Jenks, for residuary legatee.
Geo. W. Ray, for board of supervisors.
John C. Church, for the Norwich Library.
Mr. Hyde, for the next of kin.

FORBES, J.    This is an action brought by the surviving executor
of Harris H. Beecher, deceased, for the construction of his last will
and testament.    The fourth clause in said will sets apart the sum of
$5,000, or one-half of his life insurance, for the purpose of erecting a
"soldiers' county monument" upon the public green in the village of
Norwich, in said county.    Certain conditions are attached to, and are
made a part of, such bequest, viz.: That the public park or green
should be first inclosed and improved by the transplanting of trees,
and preparing said public green for the reception of said monument.
Three different agencies for performing this work are designated:
First, the county of Chenango; second, the village of Norwich; and,
third, by public enterprise.    The time limited within which this
work was to be commenced is fixed at 18 months from the time of his
death or from the time of the death of the life tenant to whom the use
of the property was bequeathed.    The life tenant died prior to· the
death of the testator.    The will also provides that, in case of failure
to thus inclose the park, the sum so given shall then be permanently
invested, and the interest thereof be applied to the purpose of the
founding and supporting of a public library in the village of Norwich,
or to purchase suitable books, upon certain conditions named in said
will.    A residuary clause is also found in said will, in favor of certain
relatives of the deceased.    The deceased was a soldier in the late
Civil War; was an unmarried man, and a member of the Grand Army
of the Republic.    The will does not contain any definite directions as
to the manner in which said fund for the monument is to be expended.
No separate trustee or devisee is designated to take or execute said be-
quests, or to carry these clauses of the will into effect, either in the

erection of the monument, or in the establishment of a circulating library, under said will. It is contended on the part of the legatees (and this is the position taken by the surviving executor of said will) that both of the bequests (the one for the purpose of erecting the monument, and the one to establish a circulating library) are void, and that the whole fund so attempted to be set apart by said will falls into the residuary clause.

The first question to be met is, what is the effect of the fourth clause of the will? Is there any beneficiary who can take said fund and execute the trust imposed by said will? The land upon which it is contended that the monument is to be erected belongs to the county of Chenango, and the board of supervisors of said county has assented to the erection of the monument in the courthouse park, upon the land belonging to the county, but without expense to said county. That park has been inclosed, by public enterprise, so far as to erect a stone curbing around the entire park, and by grading and filling the same above the level of the street, and certain trees have been planted therein. It is contended on the part of the defendants that the place in which said monument was intended to be erected has thus been made suitable for its reception. The first question for examination is the one already suggested: Is the fourth clause of said will a valid bequest? In the case of Owens v. Society, 14 N. Y. 380, it is held:

"That where there is no trustee, competent to take, named, our court of chancery has not jurisdiction to uphold a bequest for a charitable or a religious purpose."

This doctrine is placed upon the ground that, where there is a want of capacity to take, the gift cannot be sustained for a charitable or religious purpose, and a gift to that society was defeated. The same doctrine is held in the case of Downing v. Marshall, 23 N. Y. 366, and in Sherwood v. Society, 4 Abb. Dec. 227. In the case of Levy v. Levy, 33 N. Y. 97, Wright, J., in delivering the opinion of the court of appeals, said:

"That to raise a trust, at common law, there must be a definite grantee, devisee, or donee, capable of coming into court and claiming the benefit of the grant, devise, or bequest; and that where the whole scheme of a charitable trust, in a will, is founded upon the assumed validity of a devise therein, * * * such devise being void, as against the law, no part of the charitable trust can be sustained."

In the case of Holland v. Alcock, 108 N. Y. 312, 16 N. E. 305, it is held:

"The absence of a defined beneficiary, entitled to enforce its execution, is, as a general rule, a fatal objection to the validity of a testamentary trust." Pendergast v. Greenfield, 127 N. Y. 23, 27 N. E. 388.

In the case of Fosdick v. Town of Hempstead, 125 N. Y. 581, 26 N. E. 801, it is held:

"To constitute a valid testamentary trust, there must be a defined beneficiary, either named, or capable of being ascertained, within the rules of law applicable to such cases. A bequest to a town, in trust, in perpetuity for the benefit of the poor of the town, not confined to those for whose support the town is under a statutory liability, is invalid, for want of an ascertained beneficiary." Reed v. Williams, 125 N. Y. 560, 26 N. E. 730.

In the case of Tilden v. Green, 130 N. Y. 29, 28 N. E. 880, it is held:

"A certain designated beneficiary is essential to the creation of a valid testamentary trust, and a trust without a beneficiary who can claim its enforcement is void."

The question may well be asked here, who is pointed out in this will as a beneficiary of the bequest named therein? Who is there that can come into court and take upon himself the power of its execution, see that its provisions are carried out, and complete the designs, if any were ever definitely formed, in the mind of the testator? The post of the Grand Army of the Republic was not in existence at that time; it is not suggested as the beneficiary; and yet is it not the only organization which has any interest in enforcing, or which might practically have carried into effect, this provision of the will? The county takes no interest or benefit in the bequest, and practically, by its conduct, as shown by its representative, the board of supervisors, repudiates the execution of the trust, save the giving of consent that such monument may be erected upon the county land. Erected by whom? It is asserted by the attorney for the county that the executors of the will are the proper persons to cause the erection of the monument. But what power is given by the will to them to perform that duty, and for whose benefit are they to take upon themselves the execution of this trust? It would undoubtedly become their duty to pay over the fund, if there could be found any person capable of receiving it; of becoming responsible for its proper appropriation, and to continue its oversight and protection. But no such person or corporation is designated in the will. It is not like the erection of the monument bequeathed in another clause of the will. There the undertaking is for the benefit and perpetuation of the memory of the testator and his family, and might well have been erected, under all of the circumstances of this case, without any bequest on the part of the testator, and could have been allowed by the surrogate as funeral expenses and suitable burial of the dead. Code Civ. Proc. § 2749; Ferrin v. Myrick, 41 N. Y. 315; In re Allen, 3 Dem. Sur. 524. This gift is specially bequeathed, and the executor takes no title, nor power to execute the trust. Blood v. Kane, 130 N. Y. 514, 29 N. E. 994; Greene v. Greene, 125 N. Y. 506, 26 N. E. 739; Cluff v. Day, 124 N. Y. 195, 26 N. E. 306; Henderson v. Henderson, 113 N. Y. 1, 20 N. E. 814. The trustee of an express trust has the legal title, yet here no trustee is named. In re Straut, 126 N. Y. 201, 27 N. E. 259. But passing this position, for the sake of the investigation, how does the limit placed upon the bequest affect it? In the case of In re Underhill, 3 N. Y. Supp. 205, it was held:

"That a bequest of money towards the erection of a town hall, 'upon condition' that the town raise a sum specified, and apply it to the same purpose, within three years from the death of the testator, that the town had no authority, under the Revised Statutes, to take the legacy."

In the case of Booth v. Baptist Church, 126 N. Y. 215, 28 N. E. 238, the will gave a legacy to an incorporated church, "provided said church shall raise a sum sufficient, with this legacy," to pay off a mortgage and its other debts within two years after the testator's death. And it was also provided, "In case of failure to do this, then this

legacy shall lapse and go into the residuum of the testator's estate."
In this case it was held "that the condition was a condition precedent
to the vesting of the legacy, and that the bequest was invalid." This
was placed upon the theory that there must be a present vesting of
the bequest, and that the gift cannot be given, and at the same time
be withheld. It amounts to a bequest not bequeathed; to a gift sug-
gested, but not given. It seems to me that this bequest must fail
as a valid bequest of the fund to erect the monument.

Is the bequest, then, to the library fund, a valid bequest of this
fund originally intended for a monument? Do not the same ele-
ments enter into the uncertainty of this bequest, as to the beneficiary,
donee, and the condition upon which the bequest is made? Is not
this bequest also void? In addition to the prior gift suggested, does
not there exist an attempt to create a perpetuity, to which the inter-
est of the fund is to be devoted, without any disposition of the prin-
cipal? In the case of Cottman v. Grace, 112 N. Y. 299, 19 N. E. 839,
the will of McI. gave his library and the proceeds of his residuary
estate "to the mayor of the city of New York," etc., "in trust forever,"
for the purpose of the "establishment and maintenance, perpetuation
and improvement," of a free library, etc. In an action for the con-
struction of the will it was held that the trust attempted to be created
was invalid, and an unlawful suspension of the power of alienation,
and was a gift to the individuals who should from time to time occupy
the official positions named, and not to the corporations of which they
were officers. In the case of Sweeney v. Warren, 127 N. Y. 426, 28
N. E. 413, it is said:

"In order to create a valid power, either beneficial or in trust, it is indispensa-
ble that the object or objects to be accomplished by its execution shall be
specified in, or clearly ascertainable from, the instrument by which the power
is attempted to be created." Schettler v. Smith, 41 N. Y. 334; Smith v. Ed-
wards, 88 N. Y. 92; People v. Simonson, 126 N. Y. 299, 27 N. E. 380; Under-
wood v. Curtis, 127 N. Y. 523, 28 N. E. 585.

Is it not impossible to say that the testator had any definite object
in view which can be carried out with certainty under the provisions
of the will which he has made? He was not a lawyer, and, so far as
appears from the evidence in the case, took no advice on the subject
of these bequests, but drafted the will himself, and, it seems to me,
without any definite idea of the law, or any definite provision made
for carrying the will into execution. If these bequests fail, then,
clearly, the sum so attempted to be set apart must fall into the residu-
ary clause of the will. Riker v. Cornwell, 113 N. Y. 115, 20 N. E.
602; In re Bonnet, 113 N. Y. 522, 21 N. E. 139.

A single additional question is raised by the attorney for the residu-
ary legatee, but I am inclined to think that it is not a serious one, and
that the bequest of $2,000 to Harry Beecher is a vested legacy, the
payment of which was merely suspended until the death of Margaret
Beecher, the testator's mother, in case she survived the testator, and,
from the language of the will, was not made contingent upon her
death, nor was it defeated by her death prior to the death of the
testator. Van Brunt v. Van Brunt, 111 N. Y. 178, 19 N. E. 60; Leg-
gett v. Firth, 132 N. Y. 7, 29 N. E. 950. The law favors the vesting
of estates, and the courts will always give such a construction to a

will as will preserve and protect vested interests. Moore v. Lyons, 25 Wend. 119; Scott v. Guernsey, 48 N. Y. 106; Embury v. Sheldon, 68 N. Y. 235; Byrnes v. Stilwell, 103 N. Y. 453, 9 N. E. 241. The will took effect upon the death of the testator, not upon the death of the life tenant, and should not be held to destroy a specific legacy, the payment of which was merely suspended for the enjoyment of the life tenant. I am inclined to think that I need pursue this investigation no further; that I have practically determined all of the questions submitted to me, and given such construction to those portions of the will, about which there is any serious controversy, as will enable the surrogate to dispose of the fund in case my position shall be sustained by the appellate courts.

A decision may be entered in accordance with this opinion, with costs to the attorney for the surviving executor.