WARNER E. SPRAGUE and Another, Respondents, *v.* WILLIAM B. COCHRAN and Others, Appellants.

*Pleadings demurred to favorably construed — action brought to recover the possession of and obtain an adjudication as to the title to real estate — proper parties thereto.*

On the argument of a demurrer, the rule as to the construction of the pleading demurred to is to allow all reasonable intendment in support of such pleading.

The complaint in an action alleged in substance that the defendant William B. Cochran was the owner of certain real estate which he undertook to mortgage to the plaintiff Appley to secure a loan; that in making the mortgage a valuable portion of the real estate which was to have been embraced therein was, by mutual mistake, omitted from the same; and that without the knowledge of such omission Appley assigned the mortgage to Sprague, one of the plaintiffs, representing and believing that it embraced all of the mortgagor's land intended to be included therein; that Sprague foreclosed the mortgage and became the purchaser of the land covered by it, in an action in which the mortgage was reformed so as to cover the land omitted therefrom by mistake, and that the whole of the land intended to be covered by the mortgage was sold in such action.

The complaint also alleged that Cochran, before the foreclosure of such mortgage, fraudulently conveyed the land, left out of the mortgage by mistake, to his two daughters, and also that Cochran, after the making of the mortgage, married, and that his wife claimed to have an inchoate right of dower in the premises left out of said mortgage by mistake; that at the time of the commencement of the action to foreclose the mortgage the deed to the daughters had not been recorded, and their claim thereunder was unknown to the plaintiff in the foreclosure proceeding, and that Cochran's daughters were not parties to that action; that there was a deficiency upon the foreclosure of such mortgage; that the grantees under the deed from Cochran were in possession of the premises so left out of the mortgage and refused to surrender the same to the purchaser at the foreclosure sale.

Upon the hearing on a demurrer interposed on the ground of misjoinder of parties plaintiff,

*Held,* that both the mortgagee and assignee of the mortgage were proper, if not necessary, parties plaintiff to an action brought to recover the possession of

such premises, and to obtain an adjudication that the plaintiffs had a title to the same superior to the claims of the defendants;

That the defendant Cochran was a proper party defendant, being charged with being a party to the fraudulent conveyance to his daughters, and also charged with being in possession, together with his fraudulent grantees, of the land described in the complaint.

APPEAL by the defendants, William B. Cochran and others, from an interlocutory judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Sullivan on the 13th day of February, 1894, upon the decision of the court rendered at the Sullivan Special Term overruling the defendants' demurrer to the complaint, and also from an order made at the Sullivan Special Term and entered in said clerk's office on the 5th day of February, 1894, overruling said demurrer.

*George H. Carpenter*, for the appellants.

*T. F. Bush*, for the respondents.

MAYHAM, P. J.:

The demurrer is solely based upon the misjoinder of· parties plaintiff. In order to determine whether upon the face of the complaint there is or is not a misjoinder of parties plaintiff a brief *résumé* of the allegations of the complaint may be necessary. It alleges in substance that William B. Cochran, one of the defendants, was the owner of certain real estate, which he undertook to mortgage to Appley to secure a loan of money made by her to him. In making the mortgage a valuable portion of the real estate, which was to have been embraced therein, was by mutual mistake omitted from the same. Without knowledge of that omission, Appley assigned the mortgage to Sprague, representing and believing that it embraced all of the mortgagor's land intended to be included therein. Sprague foreclosed the mortgage and became the purchaser of the land covered by it, and as in that action the mortgage was reformed so as to cover the land omitted from the mortgage by mistake, the whole of the land was sold, and Sprague, the assignee of the mortgage, became the purchaser and took the referee's deed. The complaint also alleges that before the foreclosure Cochran, the mortgagor, fraudulently conveyed the land, left out of the mortgage by mistake, to his two daughters. It also alleges that Cochran,

after the making of the mortgage, married, and that his wife has, or claims to have, an inchoate right of dower in the premises left out of such mortgage by mistake. That at the time of the commencement of the action to foreclose the mortgage the deed to the daughters had not been recorded, and their claim under the deed was unknown to the plaintiff in the foreclosure proceedings, and they were not parties to that action.

That on the foreclosure of the mortgage there was a deficiency. That the grantees under the deed from Cochran are in possession of the premises so left out of the mortgage, and refuse to surrender to Sprague, the purchaser, under the foreclosure of the mortgage, or the person or persons having his interest. We are inclined to think that under the facts alleged in the complaint both the mortgagee and assignee of the mortgage are proper, if not necessary, parties plaintiff in this action. Appley, by her assignment of the mortgage representing to the assignee that it covered all of the premises which by mistake were left out of the description, was clearly liable to the assignee to make good that representation.

Sprague, who had purchased and foreclosed the mortgage, had a right to the complete title to the entire mortgaged premises, as well that included in the actual description of the mortgage as that left out by mistake.

As the daughters of Cochran were not parties to the action of foreclosure, and not, therefore, bound by the judgment reforming the mortgage, their deed, though fraudulent, was a cloud upon the title of the purchaser under the mortgage, which was not discoverable by a mere inspection of the record, and which Sprague in this action would be interested in having removed.

Both of the plaintiffs, therefore, had a direct interest in the relief demanded in the complaint.

Mrs. Appley had parted with her legal title to the mortgage by the assignment. She had a direct interest in having the mistake corrected, so as to relieve her upon her warranty as to the extent of the mortgaged premises. In *Malins* v. *Brown* (4 N. Y. 404) it was held that when a party had conveyed by deed free from incumbrance [relying upon a mortgagee to release, upon a sufficient consideration paid therefor, a portion of the land conveyed from the lien of the mortgage], the grantor of such land might maintain

an action to compel such release, although he had no interest in the land, he having conveyed away his interest by warranty deed.

The ground of such right was his liability to his grantee on his covenant of warranty.

Applying the doctrine of that case to the one at bar, and Mrs. Appley is clearly a proper party plaintiff in this action. (See, also, *Pendergast* v. *Greenfield*, 127 N. Y. 25.)

We think that Sprague also had an interest in the subject-matter of this action, which arose out of the same transaction.

In the language of section 446 of the Code of Civil Procedure, he has " an interest in the subject of the action, and in obtaining the judgment demanded." It is difficult to see how a complete determination of the rights of both of these plaintiffs can be had without their presence before the court, and we can see no possible harm to the defendants under the rules relating to parties in equitable actions, by having them united as plaintiffs in this action. (*Murray & Blunt* v. *Hay*, 1 Barb. Ch. 59 ; *Kennedy* v. *City of Troy*, 14 Hun, 312 ; *Haines* v. *Hollister*, 64 N. Y. 1–4.)

By having the rights and interests of both of the plaintiffs adjusted in this action, a multiplicity of actions may be avoided, which in equity is always desirable. (*Shepard* v. *Manhattan R. R. Co.*, 117 N. Y. 442–447 ; *Townsend* v. *Bogert et al.*, 126 id. 370.)

We think the defendant William B. Cochran is a proper party defendant and the demurrer as to him cannot be sustained. He is charged in the complaint with being a party to the fraudulent conveyance to his daughters. He is also in possession of the lands with his fraudulent grantees, as appears by the complaint, which is admitted by the demurrer. (*Hubbell* v. *Merchants' Nat. Bank*, 42 Hun, 200 ; *Miller* v. *Hall*, 70 N. Y. 250.)

As the rule on demurrer in the construction of the pleading demurred to, is to allow all reasonable intendment in support of the pleading demurred to, we think the demurrer in this case must be overruled. The demurrer is overruled and judgment on demurrer ordered for the plaintiffs, with costs, with leave to the defendants to answer on payment of costs of demurrer.

PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs, with leave to the defendants to answer on payment of costs.